AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:     (213) 933-2330
Fax:     (312) 884-7352
william@amintalati.com
matt@amintalati.com
richard@amintalati.com

Attorneys for Defendant Catalina Snacks Inc.,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN COLLYER, individual, | Case No.:  4:23-cv-00296-HSG |
| Plaintiff, | **DEFENDANT CATALINA SNACKS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| CATALINA SNACKS INC. | Date: June 15, 2023 |
| Defendant. | Time: 2:00 p.m. |
| | Place: Courtroom 2 |
| | Hon. Haywood S. Gilliam, Jr. |

MOTION TO DISMISS

1  **NOTICE OF MOTION AND MOTION DISMISS PLAINTIFF'S COMPLAINT**

2  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE THAT on June 15, 2023, at 2:00 p.m., or as soon thereafter as

4  may be heard by the Honorable Haywood S. Gilliam, Jr., Defendant Catalina Snacks Inc. will,

5  and hereby does, move the Court for an order dismissing Plaintiff's Complaint and each claim

6  asserted therein.

7       This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),

8  and on the grounds that Plaintiff fails to state a valid claim upon which relief can be granted and

9  she lacks standing bring claims as to the products she did not purchase. The grounds for the

10 motion are more fully set forth in the accompanying Memorandum of Points and Authorities.

11      This motion is based upon this Notice, the accompanying Memorandum of Points and

12 Authorities, the Declaration of Krishna Kaliannan, the pleadings and files in this action, and such

13 other matters as may be presented at or before any hearing on this motion.

14

15 Dated:  March 21, 2023          AMIN TALATI WASSERMAN, LLP

16                     William P. Cole
                     Matthew R. Orr

17                      Richard L. Hyde

18                      */s/ William P. Cole*
                     William P. Cole

19

20                      Attorneys for Defendant Catalina Snacks Inc.

21

22

23

24

25

26

27

28

- 1 -

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)...........................- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES ................................................- 1 -

I.     INTRODUCTION ...................................................................................................- 1 -

II.    PLAINTIFF'S ALLEGATIONS ............................................................................- 3 -

III.   LEGAL STANDARDS ...........................................................................................- 6 -

IV.    ARGUMENT ...........................................................................................................- 7 -

      A.     Plaintiff Does Not Have Article III Standing to Assert Claims Regarding the "Apple Cider Donut" and "Mint Chocolate" Cereal Products.....................- 7 -

      B.     Plaintiff Fails to State Any Equitable Claims Because She Fails to Plead Facts Establishing Her Legal Remedies are Inadequate. ....................................- 8 -

            1.     Plaintiff fails to plausibly allege the label would lead reasonable consumers to believe the cereals contain banana, apple, mint or honey, as opposed to natural flavor extracted from those and other sources.................................................................................................- 13 -

            2.     Plaintiff's implied warranty claim fails for the same reasons as the CLRA, UCL, and FAL claims. ..........................................................- 16 -

V.     CONCLUSION........................................................................................................- 21 -

TABLE OF CONTENTS

## <u>TABLE OF AUTHORITIES</u>

**State Cases**

*Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254 (1992)............................ 9

*Burr v. Sherwin Williams Co.*, 42 Cal.2d 682 (1954) .............................................. 20

*Chapman v. Skype*, 220 Cal.App.4th 217 (2013).................................................... 11

*Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295 (2011)......................................... 11, 12

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ............................... 8

*Osborne v. Subaru of America, Inc.*, 198 Cal.App.3d 646 (1988)................................... 20

*Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870 (2017)........................................... 12

**Federal Cases**

*Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ....... 9-

*American Legion v. American Humanist Assn.*, 139 S.Ct. 2067, 204 L.Ed.2d 452 (2019). ........ 7

*Anderson v. Jamba Juice Co.*, 888 F.Supp.2d 1000 (N.D. Cal. 2012) ........................ 8

*Angiano v. Anheuser-Busch Inbev Worldwide, Inc.*, 532 F.Supp.3d 911 (C.D. Cal. 2021) ...... 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................... 6, 12

*Bates v. United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007) ...................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 6

*Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769 (C.D. Cal. 2019)................................ 17

*Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001)................................ 17, 18

*Chong v. Kind LLC*, 585 F.Supp.3d 1215 (N.D. Cal. 2022) ................................. 17

*Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ................................................................... 14, 15

*Cruz v. D.F. Stauffer Biscuit Co., Inc.*, No. 20-CV-2402 (PGG), 2021 WL 5119395 (S.D.N.Y. 2021)...................................................................... 14, 15, 16

*Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235 (S.D.N.Y. 2021)............. 13

*Davis v. Fed. Election Comm'n*, 554 U.S. 724, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) ..... 7, 8

*Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780

TABLE OF AUTHORITIEIS

(N.D. Cal. 2015) .................................................................................................... 10

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ................................................. 11

*Effinger v. Ancient Organics LLC*, No. 22-cv-03596-RS, 2023 WL 2214168 (N.D. Cal. Feb.
 24, 2023) ............................................................................................................... 18

*Fan v. Home Depot U.S.A., Inc.*, No. 1:21-cv-01355 WBS KJN, 2022 WL 16964099 (E.D. Cal.
 Nov. 15, 2022) ....................................................................................................... 9

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ........................................... 11, 12

*Freund v. HP, Inc.*, No.22-cv-03794-BLF, 2023 WL 187506 (N.D. Cal. Jan. 13, 2023) ........... 9

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) ..................................... 9

*Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022) ............................... 10

*Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833 (N.D. Cal. Mar. 24,
 2021) ...................................................................................................................... 12

*Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479 (2d Cir. 2011) ........................... 16

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F.Supp.3d 1113 (N.D. Cal. 2018) .. 20

*In re: Macbook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal.
 Oct. 13, 2020) ......................................................................................................... 9

*Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889 (N.D. Cal. 2012) ............................ 7

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ............................ 7

*Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ......................... 7

*Lorentzen v. Kroger Co.*, 532 F.Supp.3d 901 (C.D. Cal. 2021) .................................. 8

*Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861 (N.D. Cal. 2012) ...................... 8

*Nacarino v. KSF Acquisition Corp.*, --- F.Supp.3d ---, No. 22-cv-04021-MMC, 2022 WL
 17178688 (N.D. Cal. Nov. 23, 2022) ......................................................................... 10

*Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmaceuticals, Inc.*, 48 F.4th 1040 (9th
 Cir. 2022) ..................................................................................................... 1, 3, 17, 18

*O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) .......................... 9, 10

*Perez v. Nidek Co., Ltd.*, 711 F.3d 1109 (9th Cir. 2013) ........................................... 17

*Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL 6323775 (S.D.N.Y.

TABLE OF AUTHORITIEIS

Oct. 27, 2020) ........................................................................................ 12

*Puterbaugh v. Oorah, Inc.*, No. SACV 21-01593-CJC (DFMx), 2022 WL 2046102 (C.D. Cal. Jan. 27, 2022) ........................................................................................ 20

*Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011).... 9

*Roper v. Big Heart Pet Brands, Inc.*, 510 F.Supp.3d 903 (E.D. Cal. 2020) ............................. 20

*Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802 (C.D. Cal. Dec. 16, 2013) ........................................................................... 7, 11, 12

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). ...................................... 9, 10

*Starratt v. Fermented Sciences, Inc.*, No. 22-cv-03895-HSG, 2023 WL 359500 (N.D. Cal. Jan. 23, 2023) ........................................................................................ 11

*Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47 (S.D.N.Y. 2020) .......... 12, 13, 14, 15

*Stengel v. Medtronic Inc.*, 704 F.3d 1224 (9th Cir. 2013) ...................................... 18

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350 (N.D. Cal. July 24, 2014) ............................................... 21

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499 (2007) ................ 7

*Varela v. Walmart, Inc.*, No. CV 20-448-GW-KSx, 2021 WL 2172827 (C.D. Cal. May 25, 2021) ........................................................................................ 16

*Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (C.D. Cal. 2013) ............................... 7

*Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715 (N.D. Ill. May 19, 2022) ........................................................................................ 12

*Yamasaki v. Zicam LLC*, No. 21-cv-02596-HSG, 2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) ....................................................................... 8

*Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ................ 13

**Statutes**

21 U.S.C. § 337 ........................................................................................ 17

21 U.S.C. § 343 ........................................................................................ 17, 18

21 C.F.R. § 101.22 ........................................................................................ 19

Cal. Bus. & Prof. Code § 17200 ........................................................................... 6

1

Cal Bus. & Prof. Code § 17500 ............................................................... 6, 8

Cal. Civ. Code § 1750 ............................................................................ 6

Cal. Civ. Code § 1781 ............................................................................ 9

Cal. Civ. Code § 1782 ............................................................................ 9

Cal. Health & Safety Code § 110390 ..................................................... 17

Cal. Health & Safety Code § 110665 ..................................................... 18

Cal. Health & Safety Code § 110740 ..................................................... 17

Fed. R. Civ. P. 8 .................................................................................... 6

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIEIS

**STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)**

1.     ***Standing***. Whether Plaintiff has alleged facts establishing standing to bring claims as to varieties of cereal she did not purchase, where the challenged label representations are not the same.

2.     ***Equitable Relief.*** Whether Plaintiff has stated any claim for equitable relief (restitution), where the Complaint does not make any allegation that her legal remedies are inadequate and does not seek any injunctive relief.

3.     ***Reasonable Consumer Standard (Claims Based on Deception Theory)***. Defendant's Keto-Friendly, zero-sugar cold cereals come in a variety of flavors, including Chocolate Banana, Apple Cider Donut, Mint Chocolate, and Honey Graham. Has Plaintiff failed to allege facts plausibly establishing that a significant portion of reasonable consumers would misunderstand these descriptions to represent the cereal contains the *food* banana, apple, mint or honey, rather than the *flavor* of banana, apple, mint or honey?

4.     ***Implied Preemption***. Whether, under the Ninth Circuit's decision in *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmaceuticals, Inc.*, 48 F.4th 1040 (9th Cir. 2022), and the cases cited therein, Plaintiff's UCL "unlawful" prong claim predicated on alleged violations of FDA regulations incorporated by the Sherman Law is impliedly preempted and violates the prohibition on private enforcement.

5.     ***Breach of Implied Warranty (No Privity)***. Whether Plaintiff's breach of implied warrant claim fails for the additional reason that Plaintiff does not allege privity with Defendant.

6.     ***Punitive Damages.*** Whether the Court should dismiss Plaintiff's claim for punitive damages on her False Advertising Law ("FAL") claim in light of the fact the FAL does not provide for punitive damages.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This is another "flavor" case of the type dismissed by courts dozens of times over the last several years. This time the product is cold cereal—the type you pour in a bowl and enjoy while perusing some baseball box scores or movie reviews. Specifically, Plaintiff attacks the "Chocolate

Banana," "Apple Cider Donut," "Mint Chocolate," and "Honey Graham" varieties of Defendant's Catalina Crunch Keto Friendly Cereal line. Plaintiff's theory is that the labels' respective references to those flavors would mislead consumers to believe that the cereal contains pieces of the *food* banana, apple (or apple cider), mint, or honey, respectively, and not just the flavor of those foods.

Plaintiff does not allege that any of the cereals fail to taste as described on the packaging. Nonetheless, she makes the implausible claim that the label is false or misleading. On behalf of a proposed class of California consumers, she brings false advertising and breach of warranty claims. For several reasons, she fails to state any claim.

First, Plaintiff does not have Article III standing to bring claims as to the products she did not purchase. While Plaintiff alleges that she purchased the "Chocolate Banana" and "Honey Graham" varieties of Defendant's cereals, she does not claim to have ever purchased the "Apple Cider Donut" or "Mint Chocolate" products. Even under a "substantially similar" theory of standing, she has no standing because the label statements "Apple Cider Donut" and "Mint Chocolate" are obviously not substantially similar to "Chocolate Banana" and "Honey Graham."

Second, Plaintiff cannot pursue any equitable claims for restitution because she has failed to plead any facts establishing her legal remedies are inadequate. Plaintiff does not seek injunctive relief and her claims for restitution are based on the same theory as her claims for money damages.

Third, Plaintiff fails to allege facts plausibly establishing that reasonable consumers would be misled. Courts have repeatedly held that reasonable consumers would understand this type of reference to a product's flavor describes how the product tastes, not what it contains. Plaintiff does not claim the products fail to taste like the flavors stated on their respective labels. She fails to state any UCL, FAL, CLRA or implied warranty claim.

Fourth, to the extent Plaintiff's Unfair Competition Law claim is based on alleged violations of FDA regulations (or the Sherman Law via incorporation of the FDA regulations), it is impliedly preempted. The Ninth Circuit has recently affirmed that implied preemption applies where "[t]he purported state law violation is of a law that says in substance 'comply with the FDCA,' not a traditional common law tort." *Nexus Pharmaceuticals, Inc. v. Central Admixture*

*Pharmacy Services, Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022).

Fifth, the implied warranty of merchantability claim also fails for lack of privity. Plaintiff is not in privity with Defendant because she alleges she made her purchases from grocery stores, not from Defendant.

Sixth, Plaintiff purports to seek punitive damages under her FAL claim, even though punitive damages are not available under the FAL.

## II.   PLAINTIFF'S ALLEGATIONS

Defendant Catalina Snacks Inc. sells Catalina Crunch Keto Friendly Cereals in numerous varieties, including Chocolate Banana, Honey Graham, Mint Chocolate, and Apple Cider Donut. (*See* Complaint, Doc. 1, ¶ 2.) As stated on the front labels, the Keto Friendly Cereals contain 0g sugar per serving. (*Id.* ¶¶ 31, 33-36.)

Plaintiff alleges that, in 2022, she purchased the Chocolate Banana and Honey Graham flavors of the Catalina Crunch Keto Friendly cereals from grocery stores in Monterey County, California. (Doc. 1, ¶ 49.) In making her purchases, she does not claim to have relied on anything other than the cereals' packaging. (*Id.* ¶ 50.) The front of the Chocolate Banana packaging is depicted below:

MEMORANDUM OF POINTS AND AUTHORITIES



(*See* Decl. of Krishna Kaliannan ("Kaliannan Decl."), Ex. 1; Doc. 1, ¶ 31.)

Here is the ingredient list on the backside of the Chocolate Banana cereal packaging, as set forth in the Complaint:

> **INGREDIENTS:** CATALINA FLOUR (PEA PROTEIN, POTATO FIBER, NON-GMO CORN FIBER, CHICORY ROOT FIBER, GUAR GUM), TAPIOCA FLOUR, HIGH OLEIC SUNFLOWER OIL, COCOA POWDER, BAKING POWDER, NATURAL FLAVORS, SEA SALT, CALCIUM CARBONATE, STEVIA EXTRACT, MONK FRUIT EXTRACT.

(*Id.* ¶ 33; *see also* Kaliannan Decl., Ex. 1.)

The front label of the Honey Graham cereal is depicted below, followed by its ingredient list:

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19
20
21
22

(*See* Kaliannan Decl., Ex. 2; Doc. 1, ¶ 36.)

Plaintiff does not allege to have ever purchased the Appel Cider Donut or Mint Chocolate flavors of Defendant's Keto Friendly Cereals. But she includes those products' front labels and ingredient lists in the Complaint as well. (*Id.* ¶ 34-35.)

Plaintiff alleges that the statements "Chocolate Banana," "Apple Cider Donut," "Mint Chocolate" and "Honey Graham" lead reasonable consumers to believe that the cereals contain

MEMORANDUM OF POINTS AND AUTHORITIES

banana, apple, mint and honey as an ingredient (respectively). (Doc. 1, ¶ 3.) By "banana," "apple," "mint," and "honey," she means *whole* pieces of banana, apple (or apple cider), mint and honey, as opposed to the flavoring of banana, apple, mint or honey. (*See id.* ¶ 12.)

The cereals' ingredient lists state the products include "Natural Flavors." (*Id.* ¶¶ 33-36.) Plaintiff does not allege that the products contain any artificial flavors. As noted, she also does not allege that any of the products fail to taste as described.

Plaintiff alleges that, had she known that the Chocolate Banana and Honey Graham cereals did not contain whole banana and honey, respectively, she "would not have purchased the Defendant's cereals, or only been willing to pay less[.]" (*Id.* ¶¶ 50-52.) On behalf of herself and a proposed class of California consumers, she asserts the following claims: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (3) violation of California's False Advertising Law ("FAL"), Cal Bus. & Prof. Code §§ 17500, et seq.; and (4) breach of implied warranty. She simultaneously seeks damages and equitable restitution. (*Id.*, ¶¶ 71, 76.) The Complaint does not seek any injunctive relief.

## III.   LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

The label images for the products at issue are properly considered by this Court under the doctrine of incorporation by reference. When ruling on a Rule 12 motion, a court may look beyond

the pleadings at "documents incorporated by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007). A document is incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations and citation omitted). Here, the product labels are the basis of all of Plaintiff's claims and her Complaint references them extensively. *See Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 903 n.7 (N.D. Cal. 2012) (product label properly considered "because it is referenced in the complaint"); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 882-83 (C.D. Cal. 2013) (taking notice of product labels and packaging referenced in the complaint); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *5 n.7 (C.D. Cal. Dec. 16, 2013).

## IV. ARGUMENT

### A. Plaintiff Does Not Have Article III Standing to Assert Claims Regarding the "Apple Cider Donut" and "Mint Chocolate" Cereal Products.

Because standing is a threshold issue, Defendant addresses it first. *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Plaintiff does not have standing to bring any claims regarding the products she did not purchase.

Plaintiff does not claim to have ever purchased the "Apple Cider Donut" or "Mint Chocolate" products. She does not and cannot allege that she has suffered any injury traceable to the labeling of those two products. Furthermore, the statements "Apple Cider Donut" and "Mint Chocolate" are not even similar to each other, let alone to "Chocolate Banana" or "Honey Graham."

Under Article III, a federal court may resolve only "a real controversy with real impact on real persons." *American Legion v. American Humanist Assn.*, 139 S.Ct. 2067, 2013, 204 L.Ed.2d 452 (2019). Article III "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The standing requirement applies to each claim and each remedy sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008). That a suit may be a class action "adds nothing to the question of standing,

- 7 -

1   for even named plaintiffs who represent a class 'must allege and show that they personally have

2   been injured, not that injury has been suffered by other, unidentified members of the class to

3   which they belong and which they purport to represent.'" *Id.* at 357 (internal citations omitted).

4          Defendant recognizes this Court has previously concluded that a named plaintiff may have

5   standing to assert claims for unnamed class members based on products he or she did not purchase

6   " 'so long as the products and alleged misrepresentations are substantially similar.' " *Yamasaki v.*

7   *Zicam LLC*, No. 21-cv-02596-HSG, 2021 WL 4951435, at *2 (N.D. Cal. Oct. 25, 2021) (quoting

8   *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861, 869 (N.D. Cal. 2012)).  Defendant

9   respectfully submits this "substantial similarity" analysis is "inconsistent with the basic concept

10  of standing." *Lorentzen v. Kroger Co.*, 532 F.Supp.3d 901, 908 (C.D. Cal. 2021). "The similarity

11  of a product, by itself, says nothing about whether a party suffered an injury traceable to the

12  allegedly wrongful conduct of another." *Id.* at 909. Plaintiff has not suffered any injury traceable

13  to whether Defendant labeled any of its products "Apple Cider Donut" or "Mint Chocolate."

14         Regardless, however, even under a "substantial similarity" analysis, Plaintiff has failed to

15  allege facts establishing standing with respect to the unpurchased products. The "substantial

16  similarity" theory requires that "the *alleged misrepresentations* [be] substantially similar."

17  *Yamasaki*, 2021 WL 4951435, at *2 (emphasis added). This is not a case, for example, where the

18  different varieties of all the challenged products had labels bearing the same allegedly false "All

19  Natural" representation or "No Preservatives" representation. *See, e.g., Anderson v. Jamba Juice*

20  *Co.*, 888 F.Supp.2d 1000, 1006 (N.D. Cal. 2012) (finding substantial similarity where the same

21  challenged marketing claim—"All Natural"—appeared on all of the at-home smoothie kits).

22  What a consumer may or may not expect in a cereal labeled "Apple Cider Donut" is not the same

23  issue as what a consumer may or may not expect in a cereal labeled "Chocolate Banana." Plaintiff

24  has no standing to bring any claims as to the "Apple Cider Donut" and "Mint Chocolate" products.

25         **B.      Plaintiff Fails to State Any Equitable Claims Because She Fails to Plead Facts**

26                 **Establishing Her Legal Remedies are Inadequate.**

27         UCL and FAL claims are equitable claims providing for equitable relief only. *See Korea*

28  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (the UCL and FAL provide

- 8 -

a private party with only two potential remedies: an injunction and restitution); *Bank of the West v. Sup. Ct. (Industrial Indem. Co.*), 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be awarded under the UCL). The CLRA provides both legal remedies (money damages) and equitable remedies. Cal. Civ. Code §§ 1781, 1782.

Here, the Complaint does not seek any injunctive relief, but Plaintiff purports to seek restitution. (*See* Dkt. 1, ¶ 71.) Before she can avail herself of a federal court's equitable jurisdiction, she must demonstrate that she lacks an adequate remedy at law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842-44 (9th Cir. 2020). Both Supreme Court and Ninth Circuit case law require the plaintiff to *plead* facts establishing legal remedies are inadequate. *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)(holding that a complaint seeking equitable relief failed because it did not allege "the inadequacy of remedies at law"); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)("[T]he operative complaint does not allege that Sonner lacks an adequate legal remedy."); *accord See Freund v. HP, Inc.,* No.22-cv-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (the plaintiffs "must plead that they lack an adequate remedy at law").*A., Inc.*, No. 1:21-cv-01355 WBS KJN, 2022 WL 16964099, at *3 (E.D. Cal. Nov. 15, 2022) ("*Sonner* clearly requires the operative complaint to allege that the plaintiff lacks an adequate legal remedy."). "Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable." *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011).

In *Sonner*, another food-labeling class action, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 843-44. There, the plaintiff brought claims for restitution under the UCL and CLRA, as well as a claim for money damages under the CLRA. *Id.* at 838. The plaintiff subsequently dropped her claim for damages under the CLRA but attempted to continue to pursue her claims for restitution under the CLRA and UCL. *Id.* The court dismissed the claims for restitution because plaintiff had an adequate legal remedy—namely, the CLRA damages claim that she had

1   voluntarily decided to drop. The Ninth Circuit affirmed, holding the plaintiff had failed to plead

2   how an award of damages under the CLRA would be inadequate in any way compared to

3   restitution. *Id.* at 844 (holding that the complaint failed to allege Sonner lacked an adequate

4   remedy at law and citing *O'Shea*, 414 U.S. at 502).

5       The Ninth Circuit has rejected the idea that *Sonner*'s outcome somehow depended on its

6   procedural posture. In *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022), the court

7   explained that "*Sonner*'s holding applies to equitable UCL claims where there is a viable CLRA

8   damages claim regardless of whether the plaintiff has tried to avoid the bar to equitable

9   jurisdiction through gamesmanship." *Id.* at 1313. "Nothing in *Sonner*'s reasoning suggested that

10  its holding was limited to cases in which a party had voluntarily dismissed a damages claim to

11  avoid a jury trial." *Id.*

12      Plaintiff seeks to recover damages under her CLRA claim. (Doc. 1, ¶¶ 76.) The CLRA

13  claim is based on the same alleged conduct and theory as the equitable claims for restitution—

14  namely, Plaintiff's allegations that Defendant misrepresented the Products' ingredients and, had

15  she known, she either would not have purchased the Products or would have only been willing to

16  pay less for them. (*Id.* ¶52.) Plaintiff does not plead any facts which, if true, would show that an

17  award of damages would not be an adequate remedy. *See Sonner*, 971 F.3d at 844) ("the operative

18  complaint does not allege that Sonner lacks an adequate legal remedy"); *Nacarino v. KSF*

19  *Acquisition Corp.*, --- F.Supp.3d ---, No. 22-cv-04021-MMC, 2022 WL 17178688, at *5 (N.D.

20  Cal. Nov. 23, 2022) (granting motion to dismiss equitable claims for restitution where the

21  plaintiff's claims for damages were based on the same alleged theory—namely, that had plaintiff

22  known the truth, she would not have purchased the products or would have paid less); *Duttweiler*

23  *v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D.

24  Cal. 2015). In fact, the Complaint does not even discuss the adequacy of legal remedies; it does

25  not include a single reference to the issue.

26      This Court has previously found that legal remedies may be inadequate where the plaintiff

27  has adequately alleged that he or she faces prospective injury potentially warranting injunctive

28  relief. *See Starratt v. Fermented Sciences, Inc.*, No. 22-cv-03895-HSG, 2023 WL 359500, at *3

(N.D. Cal. Jan. 23, 2023). Here, however, Plaintiff does not bring any claim for injunctive relief and does plead facts suggesting she faces any risk of future harm.

Because Plaintiff has failed to plead any facts establishing her legal remedies may be inadequate, she states no claim for equitable relief. The Court should dismiss the UCL and FAL claims and also should dismiss any claim for equitable relief under her remaining causes of action.

**C.    The Complaint States No Claim Because Plaintiff Does Not Plausibly Allege Deception.**

The "reasonable consumer" standard governs Plaintiff's claims under the CLRA, UCL, and FAL. *Chapman v. Skype*, 220 Cal.App.4th 217, 230 (2013); *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1304 (2011); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).[1] To state a claim under the CLRA, UCL or FAL, Plaintiff must allege facts establishing that the challenged statements or other representations on the Product label are likely to deceive a reasonable consumer. *Chapman*, 220 Cal.App.4th at 226.

"Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* at 227. Instead, "the phase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*; *accord Hill*, 195 Cal.App.4th at 1301 (holding the standard is not a least sophisticated consumer, nor an unwary consumer, but rather the court looks to the ordinary, reasonable consumer within the larger population); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) (deception must be probable, not just possible). A plaintiff's allegation that she was *personally* deceived is insufficient to show that a reasonable consumer is likely to be deceived. *Hill*, 195 Cal.App.4th at 1303-04. In fact, a plaintiff's allegation that a Product label is "deceptive" is "plainly . . . a legal conclusion that is not deemed true even

---

[1] To the extent Plaintiff attempts to allege a UCL "unlawful" claim based on alleged violations of FDA regulations, Defendant addresses that claim in Section IV.D, *infra*.

on a motion to dismiss." *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 217833, at *2 (N.D. Cal. Mar. 24, 2021) (dismissing claims that soft serve ice cream described on menu boards as "Vanilla" or "Vanilla Cone" would mislead reasonable consumers to believe the ice cream was flavored by real vanilla); *see also Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715, at *3 (N.D. Ill. May 19, 2022) (plaintiffs' allegations about what a reasonable consumer would supposedly expect "are conclusory statements that I need not accept").

At the pleading stage, courts dismiss CLRA, UCL and FAL claims "when the facts alleged fail as a matter of law to show such a likelihood [of deception]." *Rubenstein v. The Gap, Inc.*, 14 Cal.App.5th 870, 877 (2017) (affirming sustaining of demurrer); *accord Hill*, 195 Cal.App.4th at 1301 (affirming sustaining of demurrer); *Freeman v. Time, Inc.*, 68 F.3d 285, (9th Cir. 1995) (affirming granting of motion to dismiss). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Shaker*, 2013 6729802, at *3 (quotation and citation omitted). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 669.

Here, Plaintiff's theory of deception is that the words "Chocolate Banana," "Apple Cider Donut," "Mint Chocolate" and "Honey Graham" would lead reasonable consumers to conclude the cereals specifically contain banana, apple, mint or honey (respectively), as opposed to oils, extracts or other natural flavoring components obtained from banana, apple, mint or honey or other natural sources. Before turning to the defects in Plaintiff's claims, Defendant notes that much of the Complaint is devoted to Plaintiff's arguments about FDA regulations, including numerous references to Chapter 21 of the Code of Federal Regulations. But Plaintiff's "claims regarding FDA regulations are not relevant to determining whether a label is deceptive or misleading" to reasonable consumers. *Pichardo v. Only What You Need, Inc.*, No. 20-CV493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020) (granting motion to dismiss); *accord Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47, 50 (S.D.N.Y. 2020) (granting motion to dismiss, and observing that "[t]he point here is not conformity with this or that standard (which is left to authorities to regulate) but whether the marketing presentation was deceptive");

MEMORANDUM OF POINTS AND AUTHORITIES

*Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235, 243 (S.D.N.Y. 2021) ("Plaintiffs' citation to various federal regulations do not establish that a reasonable consumer is likely to be misled by the words 'vanilla bean ice cream' on the Product's front label."); *Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (same).

### 1. Plaintiff fails to plausibly allege the label would lead reasonable consumers to believe the cereals contain banana, apple, mint or honey, as opposed to natural flavor extracted from those and other sources.

There is no allegation that the cereals do not taste as described. Plaintiff alleges she purchased the Chocolate Banana and Honey Graham products but does not claim any dissatisfaction with their taste. She doesn't, for example, allege that the Chocolate Banana tasted like blueberry or that the Honey Graham tasted like peanut butter. There is also no allegation that the cereals' flavoring is not natural. The Complaint does not even take the position that the cereals' natural flavors were not derived from banana, apple, mint and honey. As has been repeatedly recognized by courts in similar cases involving other common natural flavors, reasonable consumers of cold cereal would understand that "Chocolate Banana," "Apple Cider Donut," "Mint Chocolate," and "Honey Graham" refer to a *flavor*, not an ingredient.

*Steele*, 472 F.Supp.3d 47, is on point. In *Steele*, the plaintiffs alleged they were deceived by Wegmans Vanilla Ice Cream package to believe the ice cream "got its vanilla flavor from vanilla beans or vanilla bean extract, when in fact the ice cream got most of its vanilla flavor from some non-vanilla source." *Id.* at 49. The district court granted a motion to dismiss without leave to amend, holding that, as a matter of law, the Wegmans packaging was not deceptive. The court explained:

> Although they are processed almost simultaneously by the buyer, to analyze the total effect of the messages on the container it is useful to consider them in sequence. The buyer's first desire is for ice cream, and when he is in the frozen food area he must select, from many choices (chocolate, lemon, mint, lime, etc.) the one he wants. Thus the large-type "Vanilla" is of immediate use. Of course he is not looking for a bowl of vanilla, and the next largest words confirm that the container holds ice cream. Those who prefer natural ingredients will note that it has natural vanilla flavor, and no artificial flavors. Evidently there are various natural substances which have a vanilla flavor. Those interested in the actual ingredients can read the list, which mentions neither vanilla beans

nor extracts, but they will not learn the components, amounts or proportions of the Natural Flavor.

That is where the container's disclosures start, and where they stop. Where is the deception? What is misleading, or misrepresented?

*Id.* at 50. Finding no deception, the court dismissed the complaint. *Id.* at 51.

Similarly, in *Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020), the plaintiffs alleged that almond milk labeled "Vanilla" was misleading because the product was not flavored by "authentic vanilla" but instead derived its flavor from vanillin, a naturally occurring substance obtained from tree bark which simulates vanilla flavor. *Id.* at *1. The court dismissed the complaint, finding reasonable consumers would understand the almond milk's reference to "Vanilla" "to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient." *Id.* at *3. The court explained:

That association, of "Vanilla" as a flavor and not an ingredient, is borne out by consumers' practical use of the representation. For example, here, the consumer in the grocery store is looking, first and foremost, for almond milk—not vanilla. The large font "Vanilla" on the front of the Product allows the consumer to quickly understand the flavor of the almond milk and differentiate between products. . . . The Product makes no additional representation about how that flavor is achieved. Thus, without more, the "Vanilla" representation would be misleading only if the Product did not actually taste like vanilla, but Plaintiffs concede it does. Accordingly, use of the "Vanilla" representation on the Product is not misleading.

*Id.* (citations omitted).

*Cruz v. D.F. Stauffer Biscuit Co., Inc.,* No. 20-CV-2402 (PGG), 2021 WL 5119395 (S.D.N.Y. 2021), also is instructive. There, the product at issue was Stauffer's Lemon Snap Cookies. *Id.* at *1. The package's front label stated "LEMON SNAPS" and included an image of three lemons (two whole and one cut in half). *Id.* The plaintiffs alleged the labeling was false and misleading because it would supposedly lead reasonable consumers to believe "that there was a substantive amount of real lemon in the Product." *Id.* at *4. The plaintiffs "point[ed] to the image of lemons on the packaging as creating a dispositive impression that the Product contains predominantly real lemons." Id. at *5. The court dismissed the complaint, finding the plaintiffs had "failed to plausibly allege that a reasonable consumer is likely to be misled by the Product's packaging." Id. at *6. The court noted the plaintiffs' allegations that "reasonable consumers

1   would 'expect [the Product] to be flavored exclusively' or predominantly with real lemons are

2   'conclusory statements that the Court is not required to accept.' " *Id.* (citation omitted). "Plaintiffs

3   do not allege that the Product does not taste like lemons, and therefore a consumer reasonably

4   expecting a lemon-flavored cookie as a result of the packaging is not misled." *Id.*

5            The same applies here. Plaintiff fails to plausibly allege that reasonable consumers—who

6   buy a *breakfast cereal* called "Chocolate Banana," "Apple Cider Donut," "Mint Chocolate," or

7   "Honey Graham""—would believe those descriptors refer to ingredients, as opposed to the

8   distinguishing *flavors* of the different varieties. The buyer's desire is for cereal, and he or she

9   must select a flavor variety. Thus, the front label statement "Chocolate Banana," for example, is

10  of immediate use. Of course, the buyer is not looking for a chocolate-covered banana, so the front-

11  label statements "Keto Friendly Cereal", "0G SUGAR" and "11G PROTEIN" confirm the

12  package contains a keto-conscious breakfast cereal. Just as in *Steele, Cosgrove*, and *Cruz*, there

13  is nothing deceptive. The message communicated is that the package contains a breakfast cereal

14  with a chocolate banana taste. This is not complicated. And Plaintiff makes no allegation that the

15  cereal fails to have a chocolate banana taste (or the other designated tastes, as the case may be).

16  "Where is the deception? What is misleading, or misrepresented?" *Steele*, 472 F.Supp.3d at 50.

17  Nothing. If a consumer wants to know more about the cereal's flavoring, she can view the

18  ingredient list, which will inform her the cereal is naturally flavored. Again, there is no deception.

19           Furthermore, the pieces of cereal depicted on the front of the packages are small, flat,

20  slightly concave squares. (Kaliannan Decl., Exs. 1 and 2; Doc. 1, ¶¶ 31, 34, 35, 36.) Across the

21  different flavor varieties, those pieces of cereal all look the same except for their *color*. There is

22  certainly nothing about the cereal pieces that remotely suggest they contain pieces of banana,

23  apple, or mint. The packaging never states "made with" or "made from" banana, apple, mint or

24  honey (much less donuts). *See Cruz*, 2021 WL 5119395, at *6 ("In addition, the product label

25  contains no ingredient claim such as 'made with lemons' or 'made from lemons.'"). Also, the

26  front labels state these are *keto*-friendly cereals containing 0g sugar. Reasonable consumers

27  understand that banana, apple, and honey contain sugar. This renders only more implausible the

28  notion that reasonable consumers would believe the cereal contains the *ingredients* banana, apple

or honey (and yet somehow 0g sugar).

In sum, Plaintiff has failed to plead facts plausibly establishing that the packaging is false or misleading to reasonable consumers. She therefore fails to state any CLRA or FAL claim, or any UCL claim based on a deception theory. As no amendment to the Complaint can change the products' labels, the Court should dismiss those claims without leave to amend. *See Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011) (court may dismiss without leave to amend when amendment would be futile).

## 2. Plaintiff's implied warranty claim fails for the same reasons as the CLRA, UCL, and FAL claims.

Plaintiff's breach of implied warranty claim is based on the same product labels and the same implausible theory of misrepresentation. For the reasons already explained, Plaintiff's fail to plausibly allege a misrepresentation. Therefore, the warranty cause of action also fails to state a claim. *See Cruz*, 2021 WL 5119395, at *7 (where plaintiffs failed to plausibly allege the product label was false or misleading under the consumer protection statutes, and where the warranty claims were based on the same allegations about the same product label, the warranty claims also "fail as a matter of law"); *Varela v. Walmart, Inc.*, No. CV 20-448-GW-KSx, 2021 WL 2172827, at *9 (C.D. Cal. May 25, 2021)(as "Plaintiff has not pled any plausible claims based on misrepresentations under the applicable consumer protection laws . . . [h]er warranty causes of action, which are based on the same 'Vitamin E Skin Oil' label, fail for the same reasons").

## D. To the Extent Based on Alleged Violation of FDA Regulations, Plaintiff's UCL "Unlawful" Claim is Impliedly Preempted.

Plaintiff's "fraudulent" and "unfair"-prong claims under the UCL fail for the reasons already discussed: she fails to plausibly allege that Defendant has misrepresented the products' ingredients. To the extent her UCL "unlawful"-prong claims is predicated on the same theory of deception (by incorporating the purported violations of the CLRA and FAL, or purported violations of Sherman Law provisions prohibiting "false or misleading" advertising generically,

1   *see* Doc. 1, ¶ 67), her UCL "unlawful" claim fails for the same reasons.[2]

2   However, to the extent Plaintiff's UCL "unlawful" claim is based on purported violations

3   of FDA regulations (incorporated by the Sherman Law) (see Doc. 1, ¶ 67:13-15), the claim is

4   impliedly preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353

5   (2001), as recently explained in *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy*

6   *Services, Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022), and *Chong v. Kind LLC*, 585 F.Supp.3d 1215

7   (N.D. Cal. 2022). Implied preemption in this context rests on two principles: (1) a consumer

8   may not impose labeling requirements under state law that are different from those imposed

9   under federal law (21 U.S.C. § 343-1); and (2) a consumer has no ability to privately enforce

10  federal labeling law (21 U.S.C. § 337(a)). The Federal Food, Drug, and Cosmetic Act ("FDCA")

11  not only provides no private right of action but expressly provides that all enforcement is to be

12  by the U.S. government (e.g., FDA) and state agencies. *Id.* The Ninth Circuit has explained that

13  these two principles create only a "narrow gap" through which a private party's state-law claim

14  must fit to escape preemption by the FDCA: "The plaintiff must be suing for conduct that

15  *violates* the FDCA (or else his claim is expressly preempted by [21 U.S.C. § 343-1], but the

16  plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be

17  impliedly preempted under *Buckman*)." *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1120 (9th Cir.

18  2013) (quotation and citation omitted).

19  Here, Plaintiff's allegations of a purported regulatory violation fail to navigate this

20  narrow gap. Put simply, Plaintiff's UCL "unlawful" claim is implied preempted by federal law

21  because "Plaintiff is suing not only for conduct that [allegedly] violates the FDCA but 'because

22  the conduct violates the FDCA.'" *Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769, 774

23  (C.D. Cal. 2019); *accord Chong*, 2022 WL 464149, at *4; *Stengel v. Medtronic Inc.*, 704 F.3d

24

25  [2] In paragraph 67 of the Complaint, Plaintiff cites several sections of the California Health &
26  Safety Code, but many are merely sections prohibiting false or misleading advertising. *See* Cal.
    Health & Safety Code § 110390 (prohibiting "false or misleading" advertising), § 110395
27  (same); § 110400 (receiving or delivering falsely advertised products), § 110660 (same). Plaintiff
    also cites California Health & Safety Code § 110740, but that section concerns artificial
28  flavoring. The Complaint does not allege that Defendant's cereals are artificially flavored.

1224, (9th Cir. 2013) (holding the FDCA impliedly preempts state law claim that "originates from, is governed by, and terminates according to federal law") (quotation omitted). While the Supreme Court noted in *Buckman* that "certain state-law causes of action that parallel federal [] requirements" may escape implied preemption, to make that escape the state-law claims must "be relying on *traditional state tort* law which had predated the federal enactments in question[.]" *Buckman*, 531 U.S. at 353 (emphasis added).

California's Sherman Law incorporates the FDA's food labeling requirements. Cal. Health & Safety Code § 110665 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto."). The Ninth Circuit recently held that a claim for alleged violation of this type of state statutory adoption of FDA regulations is *not* a traditional state tort law theory and is implied preempted. *Nexus*, 48 F.4th at 1048, 1050. The court explained the plaintiff's claims were impliedly preempted because they were "based on state laws that incorporate federal law, rather than on traditional tort law." *Id.* at 1048. "[A] necessary element of [the plaintiff's] claim is the alleged violation of the FDCA." *Id.* "The purported state law violation is of a law that says in substance 'comply with the FDCA,' not a traditional common law tort." *Id.* at 1050. Therefore, "[t]he prohibition of private enforcement applies squarely, as does 'implied preemption.'" *Id.* at 1050-51.

Defendant recognizes that district courts have split over whether UCL "unlawful" claims are impliedly preempted where predicated on alleged violations of FDA regulations incorporated by the Sherman Law. *See Effinger v. Ancient Organics LLC*, No. 22-cv-03596-RS, 2023 WL 2214168, at *3 (N.D. Cal. Feb. 24, 2023) (discussing split). The Ninth Circuit's reasoning and holding in *Nexus* resolves that split and makes clear that preemption applies. The Ninth Circuit has "been protective of the FDA's statutory monopoly on enforcement authority." *Nexus*, 498 F.4th at 1048. Private causes of action predicated on violation of a state statute "that says in substance 'comply with the FDCA'" are preempted because they "may indeed 'stand as an obstacle' to FDA's enforcement discretion by enabling what the FDA regards as over-enforcement." *Id.* at 1048, 1050. Accordingly, the Court should dismiss the UCL claim to the

extent based on any alleged violation of Sherman Law provisions incorporating FDA regulations.

Finally, even apart from preemption, Plaintiff has failed to plead facts plausibly establishing a regulatory violation in any event. The regulations provide that if the food "contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., 'vanilla[.]'" 21 C.F.R. 101.22(i)(1). Plaintiff does not allege the cereals contain any artificial flavor simulating, resembling or reinforcing the characterizing flavors of "Chocolate Banana," "Apple Cider Donut," "Mint Chocolate" or "Honey Graham." Thus, the regulation permitted Defendant to use those names of the characterizing flavors (i.e., Chocolate Banana, Apple Cider Donut, Mint Chocolate, or Honey Graham). The exception is "[i]f the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in 'strawberry shortcake', and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient," the name of the characterizing flavor may be immediately preceded by the word "natural," and shall be immediately followed by the word "flavored," e.g., "natural strawberry flavored shortcake." 21 C.F.R. § 101.22(i)(1)(i). For the reasons already explained, the Complaint fails to allege facts plausibly establishing that consumers commonly expect rectangular squares of keto-friendly, zero sugar, cold cereal to contain the food ingredient banana, apple, mint or honey (as opposed to those flavors).[3] Thus, Plaintiff has failed even to plausibly allege a regulatory violation (which claim would be implied preempted anyway).

**E.     The Breach of Implied Warranty Claim Also Fails for Lack of Privity.**

The breach of implied warranty claim fails for another independent reason. There is no privity between Plaintiff and Defendant.

---

[3] Strawberry shortcake, of course, is commonly expected to include *sliced strawberries* in whipped cream between layers of shortcake. No such common expectation exists with respect to keto-friendly cold cereal pieces.

Under California law, an action for breach of an implied warranty requires that the plaintiff be in privity with the defendant. *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695-96 (1954); *Angiano v. Anheuser-Busch Inbev Worldwide, Inc.*, 532 F.Supp.3d 911, 920 (C.D. Cal. 2021). A buyer and seller stand in privity if they are in adjoining links in the distribution chain; an end consumer who buys from a retailer is not in privity with a manufacturer. *Osborne v. Subaru of America, Inc.*, 198 Cal.App.3d 646, 656 n.6 (1988). Plaintiff does not allege she purchased the Products from Defendant. She alleges she purchased them from grocery stores in Monterey County. (Dkt. 1, ¶ 49.)

The "foodstuffs" exception to the privity requirement does not apply because that exception only applies to the implied warranty of fitness for human consumption. *Burr*, 42 Cal.2d at 695. Plaintiff does not allege Defendant's cereals are unfit for human consumption, but rather merely that they do not contain particular ingredients as opposed to flavors. Further, the exception to privity for cases where a purchaser of a product relied on representations made by the manufacturer in labels or advertising applies only to *express warranty* claims, not implied warranty claims. *Id.* at 696 (the exception for cases "where representations are made by means of labels or advertisements, it [sic] applicable only to express warranties"); *Angiano*, 532 F.Supp.3d at 920. Thus, Plaintiff fails to state a claim for breach of implied warranty.

**F.    The Court Should Dismiss Plaintiff's Claim for Punitive Damages.**

Plaintiff seeks punitive damages on her FAL cause of action. (Doc. 1, ¶ 85.) She does not refer to punitive damages anywhere else in the Complaint. As already noted, the FAL provides only for equitable relief; punitive damages are not available. *See Puterbaugh v. Oorah, Inc.*, No. SACV 21-01593-CJC (DFMx), 2022 WL 2046102, at *3 (C.D. Cal. Jan. 27, 2022); *Roper v. Big Heart Pet Brands, Inc.*, 510 F.Supp.3d 903, 926 (E.D. Cal. 2020). The Court should dismiss the claim for punitive damages.[4]

---

[4] While the Complaint does not refer to any claim for punitive damages under the CLRA, any such claim would fail regardless because Plaintiff also has not alleged facts establishing that any officer, director, or managing agent of Defendant acted with fraud, oppression, or malice. *See Roper*, 510 F.Supp.3d at 925-926; *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F.Supp.3d 1113, 1148 (N.D. Cal. 2018); *Taiwan Semiconductor Mfg. Co. v. Tela Innovations,*

- 20 -

1    **V.    CONCLUSION**

2         For the foregoing reasons, the Court should grant the Motion to Dismiss in its entirety.

3

4    Dated:  March 21, 2023                    AMIN TALATI WASSERMAN, LLP
                                               Matthew R. Orr
5                                              William P. Cole
                                               Richard L. Hyde
6

7                                              /s/ *William P. Cole*
                                               William P. Cole
8

9                                    Attorneys for Defendant Catalina Snacks, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   *Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("[A] company
     simply cannot commit willful and malicious conduct—only an individual can.").

MEMORANDUM OF POINTS AND AUTHORITIES

## CERTIFICATE OF SERVICE
(United States District Court)

I hereby certify that on the 21st day of March, 2023, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *William P. Cole*
William P. Cole

MEMORANDUM OF POINTS AND AUTHORITIES