Benjamin Gubernick (SBN 321883)
**GUBERNICK LAW P.L.L.C.**
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN COLLYER, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CATALINA SNACKS INC., a Delaware Corporation;<br><br>Defendant. | CASE NO.:  4:23-cv-00296-HSG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CATALINA SNACKS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: June 29, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br><br>Hon. Haywood S. Gilliam, Jr. |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................... 2

III.    LEGAL STANDARD ................................................................................ 2

IV.     ARGUMENT ............................................................................................. 3

    A.   Plaintiff Has Standing To Represent Purchasers Of The "Apple
        Cider Donut" and "Mint Chocolate" Products.................................... 3

        1.   The Substantially Similar Test Applies. ....................................... 3

        2.   The Unpurchased And Purchased Products Are
             Substantially Similar. .................................................................. 4

    B.   Plaintiff May Pursue Her Equitable And Legal Claims........................ 5

        1.   Plaintiff's Equitable Claims Are Not Subject To A
             Heightened Pleading Standard. ...................................................... 5

        2.   Plaintiff's UCL Unlawful Claim Is Based On A Distinct
             Legal Theory. ................................................................................ 7

    C.   Plaintiff Plausibly Alleges Claims Under The UCL, FAL, and
        CLRA. ................................................................................................. 7

        1.   The Reasonable Consumer Standard Does Not Apply To
             Plaintiff's UCL Unlawful Claims. ................................................ 7

        2.   Plaintiff Has Plausibly Alleged That Reasonable
             Consumers Would Be Misled. ....................................................... 8

    D.   Defendant's Preemption Arguments Fail............................................ 14

        1.   Federal Law Does Not Impliedly Preempt Plaintiff's UCL
             "Unlawful" Claim. ...................................................................... 14

        2.   The Court of Appeals' *Nexus* Decision Is Inapplicable To
             Consumer Protection Claims. ...................................................... 16

        3.   Plaintiff's Claims Are Not Expressly Preempted. ........................ 17

    E.   Plaintiff Adequately Pled A Claim of Breach Of Implied Warranty
        Of Merchantability............................................................................. 18

        1.   Plaintiff's Implied Warranty Claim Survives For The Same
             Reasons As Her UCL, FAL, And CLRA Claims. .......................... 18

        2.   Privity Is Not Required. ............................................................... 18

V.      LEAVE TO AMEND. .............................................................................. 20

VI.     CONCLUSION........................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ang v. Bimbo Bakeries USA, Inc.*,
No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)............................................4

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) .....................................................................................................4

*Ashton v. J.M. Smucker Co.*,
No. EDCV20992JGBSHKX, 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) ...........................18, 19

*Brown v. Food for Life Baking Co., Inc.*,
No. 21-CV-10054-TLT, 2023 WL 2637407 (N.D. Cal. Feb. 28, 2023)......................................15, 17

*Brown v. Natures Path Foods, Inc.*,
No. 21-CV-05132-HSG, 2022 WL 717816, n.15 (N.D. Cal. Mar. 10, 2022) ...........................7

*Brown v. Van's Int'l Foods, Inc.*,
No. 22-CV-00001-WHO, 2022 WL 1471454 (N.D. Cal. May 10, 2022)..............................7, 15, 16

*Bruton v. Gerber Prods. Co.*,
703 Fed. App'x 468 (9th Cir. 2017) ...........................................................................................8

*Buckman Co. v. Plaintiffs' Legal Committee*,
531 U.S. 341 (2001)..................................................................................................................14

*Budhani v. Monster Energy Co.*,
527 F. Supp. 3d 667 (S.D.N.Y. 2021).................................................................................13, 14

*Burr v. Sherwin Williams Co.*,
42 Cal.2d 682 (1954) ............................................................................................................18, 19

*Cabrera v. Bayer Healthcare, LLC*,
No. LACV1708525JAKJPRX, 2019 WL 1146828 (C.D. Cal. Mar. 6, 2019) ...........................18, 19

*Carroll v. Myriad Genetics, Inc.*,
No. 4:22-CV-00739-YGR, 2022 WL 16860013 (N.D. Cal. Nov. 9, 2022) .............................6, 7

*Chong v. Kind LLC*,
585 F.Supp.3d 1215 (N.D. Cal. 2022) .....................................................................................16

*City of Almaty v. Khrapunov*,
956 F.3d 1129 (9th Cir. 2020) ..................................................................................................3

*Cosgrove v. Blue Diamond Growers*,
No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ..................................13

*Cruz v. D.F. Stauffer Biscuit Co.*, 2021 WL 5119395 (S.D.N.Y. Nov. 4, 2021) ...................................13

*Delacruz v. Cytosport, Inc.*, No. C,
    11-3532 CW, 2012 WL 2563857 (N.D. Cal. June 28, 2012) ..........................................8

*Earth Island Institute v. Wheeler*,
    464 F.Supp.3d 1138 (N.D. Cal. 2020) .........................................................................3

*Effinger v. Ancient Organics*, LLC,
    No. 22-cv-03596-RS, 2023 WL 2214168 ....................................................................16

*Ernst and Haas Management Company, Inc. v. Hiscox, Inc.*,
    23 F.4th 1195 (9th Cir. 2022) ......................................................................................2

*Figy v. Frito-Lay N. Am., Inc.*,
    67 F. Supp. 3d 1075 (N.D. Cal. 2014) ........................................................................20

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013) ........................................................................................13

*Fitzhenry-Russell v. Coca-Cola Co.*,
    No. 5:17-CV-00603-EJD, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017) ....................12

*Foman v. Davis*,
    371 U.S. 178 (1962) .....................................................................................................20

*Guzman v. Polaris Industries Inc.*,
    49 F.4th 1308 (9th Cir. 2022) ......................................................................................6

*Henderson v. Gruma Corp.*,
    2011 WL 1362188 (C.D. Cal., Apr. 11, 2011) .............................................................10

*Jeong v. Nexo Fin. LLC*,
    No. 21-CV-02392-BLF, 2022 WL 174236 (N.D. Cal. Jan. 19, 2022) ...........................6

*Johnson v. California*,
    543 U.S. 499 (2005) .....................................................................................................4

*Johnson v. Trumpet Behav. Health, LLC*,
    No. 3:21-CV-03221-WHO, 2022 WL 74163 (N.D. Cal. Jan. 7, 2022) ..........................6

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (Ct. App. 2003) ........................................................................8

*Linear Tech. Corp. v. Applied Materials, Inc.*,
    152 Cal.App.4th 115 (2007) ........................................................................................11

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ......................................................................................3

*Lorentzen v. Kroger Co.*,

    532 F. Supp. 3d 901 (C.D. Cal. 2021) ............................................................................4

*Marino v. YummyEarth, Inc.*,

    No. 22-CV-02739-VC, 2022 WL 16912389 (N.D. Cal. Nov. 3, 2022) ..........................9, 17

*Martinez v. Metabolife Internat., Inc.*,

    113 Cal. App. 4th 181, 6 Cal. Rptr. 3d 494 (2003)......................................................19

*McDougal v. Cnty. of Imperial*,

    942 F.2d 668 (9th Cir. 1991) .........................................................................................3

*Mendiondo v. Centinela Hosp. Med. Ctr.*,

    521 F.3d 1097 (9th Cir. 2008) .......................................................................................3

*Mexicali Rose v. Super. Ct.*,

    1 Cal. 4th 617 (1992) ...................................................................................................18

*Miller v. Ghirardelli Chocolate Co.*,

    912 F. Supp. 2d 861 (N.D. Cal. 2012) ...........................................................................4

*Nacarino v. Chobani, LLC*,

    No. 20-CV-07437-EMC, 2022 WL 344966 (N.D. Cal. Feb. 4, 2022) .............................6

*Nexus Pharmaceuticals Inc., v. Central Admixture Pharmacy Services, Inc.*,

    48 F.4th 1040 (9th Cir. 2022) .....................................................................................16

*Organic Consumers Association v. Sanderson Farms, Inc.*,

    284 F.Supp.3d 1005 (N.D. Cal. 2018) ...........................................................................3

*Perez v. Nidek Co.*,

    711 F.3d 1109 (9th Cir. 2013) .....................................................................................14

*Pino v. Birch Benders*, LLC,

    No. 22-CV-02194-TSH, 2022 WL 4913320 (N.D. Cal. Oct. 3, 2022)...........................15

*Quiroz v. Sabatino Truffles New York, LLC*, No.,

    SACV170783DOCKES, 2017 WL 8223648 (C.D. Cal. Sept. 18, 2017)........................19

*Roffman v. Rebbl, Inc.*,

    No. 22-CV-05290-JSW, 2023 WL 1420724 (N.D. Cal. Jan. 31, 2023) .........................15

*Ruiz v. Celsius Holdings, Inc.*,

    No. 321CV00128GPCKSC, 2021 WL 5811264 (S.D. Cal. July 28, 2021) ..............5, 10, 12

*Sagastume v. Psychemedics Corp.*,

    No. CV206624DSFGJSX, 2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) .......................6

*Saidian v. Krispy Kreme Doughnut Corp.*,
   No. 216CV08338SVWAFMX, 2017 WL 945083 (C.D. Cal. Feb. 27, 2017).....................................10

*Schwartz v. Bai Brands, LLC*,
   No. CV196249FMORAOX, 2020 WL 5875019 (C.D. Cal. July 31, 2020) .................................10, 17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ...............................................................................................................6

*Starratt v. Fermented Scis., Inc.*,
   No. 22-CV-03895-HSG, 2023 WL 359500 (N.D. Cal. Jan. 23, 2023).................................................6, 7

*Steele v. Wegmans Food Markets, Inc.*,
   472 F.Supp.3d 47 (S.D.N.Y. 2020) .....................................................................................................13

*Trazo v. Nestle USA, Inc.*,
   No. 5:12-CV-2272 PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013), on reconsideration 113 F.
   Supp. 3d 1047 (N.D. Cal. 2015) ............................................................................................................8

*Vassigh v. Bai Brands LLC*,
   No. 14-CV-05127-HSG, 2015 WL 4238886 (N.D. Cal. July 13, 2015) ..............................................14

*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) ........................................................................................................passim

*Wilson v. Frito-Lay North America, Inc.*,
   961 F.Supp.2d 1134 (N.D. Cal. 2013) ..................................................................................................4

*Wright v. Costco Wholesale Corp.*,
   No. 22-CV-04343-WHO, 2023 WL 210936 (N.D. Cal. Jan. 17, 2023) ..............................................11

*Yamasaki v. Zicam LLC*,
   No. 21-CV-02596-HSG, 2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) ................................................4

*Young v. Neurobrands*, LLC,
   No. C 18-05907 JSW, 2019 WL 13247942 (N.D. Cal. Feb. 19, 2019) ...............................................19

**Statutes**

21 U.S.C. § 343-1(a) ...............................................................................................................................17

Cal. Com. Code § 2314(2)(f) ..................................................................................................................18

Cal. Health & Safety Code § 110670.......................................................................................................14

**Rules**

Fed. R. Civ. P. 15(a)(2) .................................................................................................20

Federal Rule of Civil Procedure 8; and (2) ....................................................................7

Rule 15(a) .......................................................................................................................20

**Regulations**

21 C.F.R. §101.22 .......................................................................................................8, 17

21 C.F.R. §101.22 (i) .......................................................................................................1

**Other Authorities**

38 Fed. Reg. 33,285 (December 3, 1973) .........................................................................1

38 Fed. Reg. 33286 (December 3, 1973) ...........................................................................9

Karen Collyer ("Plaintiff") through undersigned counsel, files this response in opposition to Defendant Catalina Snacks Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint (Dkt. No. 16, "Def. Br." or "Defendant's Motion"). As explained below, Defendant's Motion lacks merit and warrants denial.

## I.  INTRODUCTION

This is a straightforward case. Defendant sells high-priced cereals characterized by premium, healthy ingredients (e.g., bananas and apples). The ingredients are prominently featured on the principal display panel, leading consumers to believe the cereals contain those ingredients. However, Defendant's cereals do not contain the characterizing ingredients. Instead, they merely taste like they do thanks to scientist-concocted "natural flavors." Thus, reasonable consumers, including Plaintiff, are deceived by Defendant's labeling.

The law is clear and intended to prevent these shenanigans. Where a food's label "makes any direct or indirect representations with respect to the primary recognizable flavor(s)" but contains only "natural flavor …. the name of the characterizing flavor … *shall* be immediately followed by the word 'flavored[.]'" 21 C.F.R. §101.22 (i) (emphasis added). These uniform labeling requirements exist because "[t]he difference between a product that contains a characterizing food ingredient and a product that contains no such ingredient … is very important to the value of the product and thus to the consuming public." 38 Fed. Reg. 33,285 (December 3, 1973).

As alleged in Plaintiff's Complaint (Dkt. No. 1, "Compl."), Defendant has flouted the rules to deceive customers and gain an unearned advantage over its law-abiding competitors. Notably, Defendant's motion barely even attempts to argue that Defendant's conduct was lawful. Instead, at bottom, Defendant offers little beyond victim blaming: the contention that no reasonable consumer would fall victim to its scheme.

Courts throughout this Circuit and District have rejected Defendant's arguments in indistinguishable cases. This Court should follow suit and deny Defendant's Motion.[1]

---

[1] Plaintiff opposes Defendant's Motion except as to section IV(F) of Defendant's brief, as Plaintiff acknowledges punitive damages are unavailable under the FAL.

## II.  FACTUAL BACKGROUND

Defendant sells "keto friendly" cereals that it claims are "healthier" than other products and made with "real ingredients." Compl. at ¶ 26. The cereals are sold in several varieties under the "Catalina Crunch" brand for around $7 to $10 a bag. *Id.* at ¶ 27. This case challenges the labeling for the "Chocolate Banana", "Honey Graham", "Mint Chocolate" and "Apple Cider Donut" varieties ("the Products" or "Defendant's Products"), because they contain no banana, honey, mint, or apple or apple cider, respectively. *Id.* at ¶¶ 30-36. Instead, they merely simulate the presence of those ingredients using "natural flavors", (*Id.*), a catchall that often functions as a trojan horse for undesirable solvents, modifiers, and additives, such as propylene glycol. *Id.* at ¶¶ 14-15.

The principal display panel of Catalina Crunch cereal (i.e., the fronts of the bag) states the name of the characterizing ingredient in large letters. *Id.* at ¶¶ 30-36. The front of the "Chocolate Banana" bag showcases banana slices mixed with the cereal in a bowl, the "Apple Cider Donut" bag features an apple, and the "Mint Chocolate" bag shows a mint leaf amongst the cereal in a bowl. *Id.* at ¶¶ 31, 34-35. The color scheme of the "Honey Graham" bag invokes honey. *Id.* at ¶ 36.

Catalina Crunch's principal display panels do not say that the Products are flavored. Rather, that information is relegated to the small-print ingredient list on the back of the bag. *Id.* at ¶¶ 33-36. That stands in stark contrast with the cereal brands that compete with Catalina Crunch on grocery store shelves, such as Simple Truth Keto cereals, which include the phrase "naturally flavored" on the front of the bag in large letters. *Id.* at ¶ 44.

Defendant has been sued before for mislabeling its cereal. *Id.* at ¶ 46. However, instead of fixing labeling to comply with federal and state law, Defendant opted to stay the course on noncompliance, and even launched a new, mislabeled Catalina Crunch variety, the "Apple Cider Donut." *Id.*

Plaintiff purchased the "Chocolate Banana" and "Honey Graham" varieties during 2022. *Id.* at ¶ 49. At the time of purchase, she believed from the representations on the principal display panel that the Products contained banana and honey, respectively. *Id.* at ¶ 50. She would not have purchased the Products, or would have only been willing to pay less, had she known the truth. *Id.* at ¶ 52.

### III.  LEGAL STANDARD

"It is axiomatic that the motion to dismiss is viewed with disfavor and is rarely granted." *Ernst*

*and Haas Management Company, Inc. v. Hiscox, Inc*., 23 F.4th 1195, 1199 (9th Cir. 2022) (citing *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991)) (quotations and ellipses omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008). Such motions should thus be denied unless "it appears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *City of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020). "In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff." *Earth Island Institute v. Wheeler*, 464 F.Supp.3d 1138, 1141 (N.D. Cal. 2020).

Whether a business practice is deceptive under California consumer protection laws generally requires the "weighing of evidence" from both sides and is "usually a question of fact that is inappropriate for decision on demurrer or a motion to dismiss." *Organic Consumers Association v. Sanderson Farms, Inc*. 284 F.Supp.3d 1005, 1014 (N.D. Cal. 2018) (quoting *Williams v. Gerber Prod. Co*., 552 F.3d 934 (9th Cir. 2008).

If a motion to dismiss is granted, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

## IV.   ARGUMENT

### A.   Plaintiff Has Standing To Represent Purchasers Of The "Apple Cider Donut" and "Mint Chocolate" Products.

Defendant first asks the Court to narrow the scope of the putative class to exclude purchasers of the "Apple Cider Donut" and "Mint Chocolate" varieties of Catalina Crunch. According to Defendant, that drastic relief is appropriate at the motion to dismiss stage because Plaintiff did not purchase those products. Def. Br. at 7. Defendant's arguments lack merit.

#### 1.   The Substantially Similar Test Applies.

"The majority of the courts that have carefully analyzed the question hold that a plaintiff may have

standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). As Defendant acknowledges, that was also the conclusion reached recently by this Court. *See Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 4951435, at *2 (N.D. Cal. Oct. 25, 2021) ("The Court agrees with Judge Orrick of this district that 'the best approach is one which focuses on whether the type of claim and consumer injury is substantially similar as between the purchased and unpurchased products.'" (quoting *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *4-8 (N.D. Cal. Mar. 13, 2014))).

Admittedly, a handful of courts in this Circuit have reached a different conclusion. *See, e.g.*, *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908 (C.D. Cal. 2021). However, Plaintiff submits that the majority approach is more closely aligned with case law from the Court of Appeals on class action standing. *See Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001) ("We must be careful not to employ too narrow or technical an approach. Rather, we must examine the questions realistically: we must reject the temptation to parse too finely, and consider instead the context of the inquiry.") (abrogated on other grounds by *Johnson v. California*, 543 U.S. 499, 504-05 (2005)).

### 2.      The Unpurchased And Purchased Products Are Substantially Similar.

Applying the substantially similar test, Plaintiff has standing to champion the rights of consumers who purchased the "Mint Chocolate" and "Apple Cider Donut" varieties. To determine whether products are substantially similar, "[f]actors … courts have considered include whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Wilson v. Frito-Lay North America, Inc.*, 961 F.Supp.2d 1134, 1141 (N.D. Cal. 2013). Along those lines, "[c]ourts have found substantial similarity … where (1) the products are physically similar; (2) the differences between the products are immaterial because the legal claim and injury to the customer are the same; and (3) both the products and the legal claims and injury are similar." *Yamasaki*, 2021 WL 4951435 at *2 (citing *Ang*, 2014 WL 1024182 at *4-8).

Here, the Products are all varieties of Catalina Crunch cereal. The bags are almost identical—they

claim to have the same sugar, protein, and fiber content and use the same overall design layout. Moreover, they have largely the same ingredients. *See* Compl. at ¶¶ 33-36. For example, two of the cereals, the "Chocolate Banana" (which Plaintiff did purchase) and the "Mint Chocolate" appear to have identical ingredient lists. *Compare id*. at ¶ 33 *with id*. at ¶ 35. Likewise, the ingredient list for "Apple Cider Donut" differs from "Chocolate Banana" and "Mint Chocolate" by one ingredient as it contains cinnamon in lieu of cocoa powder.  *Compare id*. at ¶¶ 33, 35 *with id*. at ¶ 34.

Likewise, the Products suffer from the same mislabeling, and liability hinges on the same legal theories. The "Mint Chocolate" and "Apple Cider Donut" prominently showcase an ingredient by name and vignette that they do not contain, just like the "Chocolate Banana" variety does. The central questions in this litigation boil down to: (1) for Plaintiff's fraud-based claims, whether a reasonable consumer would think they are purchasing a product that contains that ingredient (as Plaintiff alleges), or just a product that contains that ingredient's flavor (as Defendant argues); and (2) for Plaintiff's UCL unlawful prong claims, whether Defendant's labeling complied with the Sherman Law.

Notably, a Southern District court recently found the test satisfied where the plaintiffs "allege[d] substantially the same 'labeling infirmity' on all of Defendant's 'fruit' beverages." In *Ruiz v. Celsius Holdings, Inc*., No. 321CV00128GPCKSC, 2021 WL 5811264, at *4 (S.D. Cal. July 28, 2021). The infirmity alleged there is the same one Plaintiff alleges here: a naturally flavored product with a principal display panel that omits the word flavored. In contrast to *Ruiz*'s persuasive reasoning, Defendant offers little beyond the *ipse dixit* assertion that the Products are "obviously not substantially similar[.]" Def. Br. at 2. Likewise lacking in elaboration is Defendant's claim that "[w]hat a consumer may or may not expect in a cereal labeled 'Apple Cider Donut' is not the same issue as what a consumer may or may not expect in a cereal labeled 'Chocolate Banana.'" *Id*. at 8. As discussed above, the core misrepresentation is identical across the challenged products. Defendant's motion should be denied.

### B.      Plaintiff May Pursue Her Equitable And Legal Claims.

#### 1.      Plaintiff's Equitable Claims Are Not Subject To A Heightened Pleading Standard.

Defendant contends that Plaintiff's equitable claims must be dismissed because the Complaint does not "*plead* facts establishing legal remedies are inadequate." Def. Br. at 9 (emphasis original).

However, as discussed below, that is not required at this stage in the case.

Defendant basis its argument primarily on *Sonner v. Premier Nutrition Corp*., 971 F.3d 834 (9th Cir. 2020). There, "[o]n the brink of trial after more than four years of litigation, [the plaintiff] voluntarily dismissed her sole state law damages claim and chose to proceed with only state law equitable claims for restitution and injunctive relief. A singular and strategic purpose drove this maneuver: to try the class action as a bench trial rather than to a jury." *Id*. at 837. "The district court rejected this ploy, and dismissed the plaintiff's claims for restitution because damages had been available." *Starratt v. Fermented Scis., Inc*., No. 22-CV-03895-HSG, 2023 WL 359500, at *3 (N.D. Cal. Jan. 23, 2023).

As this Court noted, "*Sonner* repeatedly highlights the odd procedural posture of that case." *Id*. Since it was decided, "[c]ourts in the Ninth Circuit are divided on how exacting of a standard *Sonner* imposes on plaintiffs who plead claims for equitable and legal remedies at the pleading stage." *Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022). "Some courts have read *Sonner* to create heightened pleading requirements for equitable claims. Others have found that plaintiffs need only allege that they lack an adequate legal remedy or that they plead their claims in the alternative." *Carroll v. Myriad Genetics, Inc*., No. 4:22-CV-00739-YGR, 2022 WL 16860013, at *6 (N.D. Cal. Nov. 9, 2022).

Plaintiff respectfully suggests that this Court follow *Carroll* and hold that "the latter approach [is] more persuasive." *Id. See also*, *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) ("because *Sonner* was decided at a later posture ... if a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case"); *Jeong*, 2022 WL 174236 at *27 ("The Court finds that *Sonner* has limited applicability to the pleading stage because it pertained to circumstances in which a plaintiff dropped all damages claims on the eve of trial."); *Sagastume v. Psychemedics Corp*., No. CV206624DSFGJSX, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage."); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2022 WL 344966, at *9-10 (N.D. Cal. Feb. 4, 2022), motion to certify appeal denied, No. 20-CV-07437-EMC, 2022 WL 833328 (N.D. Cal. Mar. 21, 2022) (collecting cases that agree with limiting *Sonner*'s application at the pleading stage).

Defendant argues that the Ninth Circuit's decision in *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022) "rejected the idea that *Sonner*'s outcome somehow depended on its procedural posture." Def. Br. at 10. But as Judge Rogers recently held, "*Guzman*, which addresses a motion for summary judgment, does not require that this Court dismiss plaintiff's equitable claims" at the pleadings stage. *Carroll*, 2022 WL 16860013 at *6.

Plaintiff acknowledges that a simple complaint amendment may be appropriate to: (1) clarify that Plaintiff's claims are pled in the alternative as allowed by Federal Rule of Civil Procedure 8; and (2) allege that her legal remedies are inadequate.[2] *See, e.g., Brown v. Van's Int'l Foods, Inc.*, No. 22-CV-00001-WHO, 2022 WL 1471454, at *13 (N.D. Cal. May 10, 2022) ("It will suffice at the pleading stage for plaintiff to plead that her legal remedies are inadequate or plead equitable claims in the alternative because her legal remedies are inadequate."). However, to the extent Defendant invites the Court to impose a heightened pleading standard on Plaintiff's claims for equitable relief, that invitation should be declined.

### 2. Plaintiff's UCL Unlawful Claim Is Based On A Distinct Legal Theory.

Defendant's request for dismissal also fails as to Plaintiff's UCL unlawful prong claim, as that claim is predicated in part on Defendant's violation of California's Sherman Law. "[A]s this Court has previously explained, *Sonner* 'did not purport to disturb the well-established rule that equitable and damages claims may coexist when they are based on different theories.'" *Starratt*, 2023 WL 359500 at *3, citing *Brown v. Natures Path Foods, Inc*., No. 21-CV-05132-HSG, 2022 WL 717816, at *6, n.15 (N.D. Cal. Mar. 10, 2022).

### C. Plaintiff Plausibly Alleges Claims Under The UCL, FAL, and CLRA.

The central thesis of Defendant's Motion is that a reasonable consumer would understand that the names of its cereals "refer to a *flavor*, not an ingredient." Def. Br. at 13 (emphasis original). Defendant is incorrect for several reasons.

### 1. The Reasonable Consumer Standard Does Not Apply To Plaintiff's UCL Unlawful Claims.

---

[2] Plaintiff notes that such an amendment could have been accomplished without the Court's involvement, had Defendant met and conferred with Plaintiff prior to filing its motion.

According to Defendant, Plaintiff cannot "state a claim under the CLRA, UCL or FAL," as under those statutes "Plaintiff must allege facts establishing that the challenged statements or other representations on the Product label are likely to deceive a reasonable consumer." Def. Br. at 11.

Defendant paints with too broad a brush. The reasonable consumer standard argument does not apply to Plaintiff's UCL unlawful claims. The only element for a UCL unlawful prong claim is the violation of a predicate law or regulation. The reasonable consumer standard is not an element of 21 C.F.R. §101.22, and is not an element Sherman Act, which adopted the FDCA in its entirety. Accordingly, the reasonable consumer standard does not apply to Plaintiffs' claim under the unlawful prong of the UCL. *Bruton v. Gerber Prods. Co.*, 703 Fed. App'x 468, 471-72 (9th Cir. 2017) ("The best reading of California precedent is that the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation").

### 2. Plaintiff Has Plausibly Alleged That Reasonable Consumers Would Be Misled.

For the causes of action where the reasonable consumer standard does apply, all that is required is a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496, 495 (Ct. App. 2003). As discussed below, the allegations in the Complaint meet that threshold.

### a. Defendant's Mislabeling Is Relevant.

Defendant first attempts to downplay its habitual noncompliance with the FDCA and Sherman Law as irrelevant to whether its labels are deceptive. Def. Br. at 12. Defendant's argument is wrong on its own terms. *See, e.g., Trazo v. Nestle USA, Inc*., No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013), *on reconsideration*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015) (while insufficient by themselves, "regulatory violations might suggest that these statements might be misleading[.]"); *Delacruz v. Cytosport, Inc*., No. C 11-3532 CW, 2012 WL 2563857, at *7 (N.D. Cal. June 28, 2012) ("The FDA regulations may lend objective criteria by which to determine whether certain words and phrases used on the labels are misleading."). And more fundamentally, Defendant misses the point. As alleged in the Complaint:

> The uniform labeling system imposed by the FDA has been in place for decades, and almost all products on grocery store shelves comply with it. The consuming public is

1
2

familiar with viewing, and differentiating, food products based on the product's principal display panel. ***The reasonable consumer understands that a food product marked "flavored" refers to the flavor of the food. Likewise, when the word "flavored" is not present, reasonable consumers believe that the ingredients referred to on the principal display panel are contained in the product***.

3
4
5
6
7
8
9
10
11

Compl. at ¶ 39 (emphasis added). In other words, Plaintiff alleges that the FDA's uniform labeling requirements have shaped consumer expectations. Indeed, that was why they were enacted 50 years ago. *See* 38 Fed. Reg. 33286 (December 3, 1973) ("it is necessary to establish a uniform system of flavor designation to dispel any confusion or misrepresentation."). Defendant is not committing a technical violation of an obscure regulation. Rather, Defendant deviates from a standard that consumers are exposed to every time they visit a grocery store, and that Defendant's competitors abide by. Defendant's labeling misleads not because it violates a regulation, but because it violates a norm.

### b.    The Product Labels Could Mislead Reasonable Consumers.

12
13
14
15
16
17
18
19

Plaintiff has pleaded facts establishing that Defendant's Products mislead a reasonable consumer. The Products' principal display panels showcase ingredients the cereals do not contain. They do that by name (in large capital letters), color, and (for all but the "Honey Graham" variety), photorealistic vignette. Additionally, the Complaint alleges that the missing ingredients are especially desirable to the consumers who Defendant targets with its purportedly healthful products. *See* Compl. at ¶¶ 27, 38. Plaintiff has further alleged that the Products that compete with Catalina Crunch identify themselves as "flavored." *Id.* at ¶¶ 42-44. Courts throughout this Circuit have consistently denied motions to dismiss when presented with analogous or less egregious facts.

20
21
22
23

In *Williams*, the Court of Appeals held that the reasonable consumer test was satisfied because:

[T]here are a number of features of the packaging Gerber used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer. The product is called "fruit juice snacks" and the packaging pictures a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product.

24
25
26
27
28

552 F.3d at 939. Notably, the "Fruit Juice Snacks" in *Williams* were *less* misleading than Defendant's Products, as they included the phrase "naturally flavored" on the principal display panel. *Id.* at 936. *Williams* is binding precedent, and Defendant's Motion does not even acknowledge its existence, much less attempt to distinguish it. Since *Williams* was decided, a litany of district courts in this Circuit have denied motions to dismiss based on facts that mirror the present matter:

- In *Marino v. YummyEarth, Inc*., No. 22-CV-02739-VC, 2022 WL 16912389, at *1 (N.D. Cal. Nov. 3, 2022), Judge Chhabria held that it was plausible that reasonable consumers would be misled where "the product name includes the term 'fruit,' and the packaging depicts a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product[.]" (quotation marks omitted));

- In *Ruiz*, 2021 WL 5811264, the court found dismissal inappropriate where "[t]he front labels on the beverages feature a name, such as 'Sparkling Orange,' and an image (or vignette) of the fruit identified by the name. ... However, the beverages do not contain the ingredient reflected in the name and vignette, but rather 'natural flavor.' *Id*. at *1. The court noted that the plaintiffs "alleged facts suggesting that consumers rely on front-of-package representations to make their purchasing decisions, that some seek out products that contain "real" ingredients, and that competing products specifically identify if they are fruit "flavored," … bolstering their allegation that a reasonable consumer would be deceived." *Id*. *6.;

- In *Schwartz v. Bai Brands, LLC*, No. CV196249FMORAOX, 2020 WL 5875019 (C.D. Cal. July 31, 2020), the court was presented with "Cocofusion beverages" that did "not contain the actual fruit ingredient of the second identified characterizing flavor, i.e., lime, pineapple, raspberry, and mango." *Id*. at *2. Those flavors were depicted by "words", "vignettes", and "color images". *Id*. at *5. The court ruled that the "plaintiff ha[d] plausibly alleged that consumers [were] likely to be deceived by the labels on the Cocofusion beverages[.]" *Id*.;

- In *Saidian v. Krispy Kreme Doughnut Corp*., No. 216CV08338SVWAFMX, 2017 WL 945083 (C.D. Cal. Feb. 27, 2017), the court found it "plausible that Plaintiff will be able to show that reasonable consumers believe that "Raspberry-Filled" doughnuts are filled with raspberries, "Maple Iced Glazed" and "Maple Bar" doughnuts contain maple syrup or maple sugar, and "Glazed Blueberry Cake" doughnuts contain actual blueberries." *Id*. at *3;

- Finally, in *Henderson v. Gruma Corp*., 2011 WL 1362188 (C.D. Cal., Apr. 11, 2011), a manufacturer argued that a guacamole dip's label was not misleading because "the ingredients on the nutrition label combine to produce a basic guacamole flavor." *Id*. at *12 (quotation marks omitted). The court rejected that argument because the manufacturer "labeled its product

'GUACAMOLE' in large capital letters" and "prominently display[ed] large pictures of avocados on the front of the jar." *Id*.

The above cases are well-reasoned. Whether or not a jury ultimately finds that Defendant's Products were misleadingly labeled, "[t]he facts of this case … do not amount to the rare situation in which granting a motion to dismiss is appropriate." *Williams*, 552 F.3d at 939. *See also*, *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 134-35 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on [a motion to dismiss]." (internal quotation marks omitted)).

### c.      Defendant's Arguments Lack Merit.

As just discussed, Plaintiff's consumer protection claims survive under the reasonable consumer standard. The arguments advanced in Defendant's Motion misconstrue the Complaint and are contradicted by Ninth Circuit precedent.

*First*, Defendant points out that "[t]here is no allegation that the cereals do not taste as described" and that Plaintiff "does not claim any dissatisfaction with their taste." Def. Br. at 13. But how the Products taste is irrelevant to the injury this case seeks to redress. Plaintiff purchased the Products because she believed they "*contained* the fruits and the premium ingredients represented on the package[.]" Compl. at ¶ 50 (emphasis added). Had Plaintiff known the truth, she "would not have bought it, and certainly would not have paid a 'premium' for such a valued perceived benefit." *Wright v. Costco Wholesale Corp.*, No. 22-CV-04343-WHO, 2023 WL 210936, at *4 (N.D. Cal. Jan. 17, 2023) (quotation marks omitted).

*Second*, Defendant insists that consumers would know the Products do not contain the promised ingredients because "the pieces of cereal depicted on the front of the packages are small, flat, slightly concave squares." Def. Br. at 15. But that makes no sense—ingredients like bananas, mint, honey, and apples or apple cider can be ground up, mashed, or otherwise blended with the concave square batter.[3]

---

[3] Defendant's argument is predicated on incorrect statements in the factual allegations section of its brief. Defendant says: "[b]y 'banana,' 'apple,' 'mint,' and 'honey,' [Plaintiff] means *whole* pieces of banana, apple (or apple cider), mint and honey, as opposed to the flavoring of banana, apple, mint or honey." Def. Br. at 6 (emphasis original). Defendant repeats this claim about "whole" ingredients later in the page, stating "Plaintiff alleges that, had she known that the Chocolate Banana and Honey Graham cereals did not contain *whole* banana and honey, respectively, she 'would not have purchased the Defendant's cereals, or only been willing to pay less.'" *Id*. (emphasis added). But neither the paragraphs in the Complaint Defendant cites nor any other paragraphs make mention of "whole" ingredients.

***Third***, Defendant blames the victim with its contention that reasonable consumers would know that "cereals containing 0g sugar" would not contain banana, apple, or honey, because those ingredients "contain sugar." Def. Br. at 15. "But this is a factual assertion that depends on whether it is commonly known that it is not possible to make a sugar-free… [food] that includes any amount of fruit." *Ruiz*, 2021 WL 5811264 at \*6. *See also*, *Fitzhenry-Russell v. Coca-Cola Co*., No. 5:17-CV-00603-EJD, 2017 WL 4680073, at \*3 (N.D. Cal. Oct. 18, 2017) ("Defendant contends that … a reasonable consumer would 'understand that it is not physically possible to incorporate ginger root into a soft drink without first reducing it to 'oils' or 'essences.' … Whether a reasonable consumer would be deceived, however, is generally a question of fact not amenable to determination on a motion to dismiss."). Moreover, the Ninth Circuit has made clear it does not expect consumers to engage in detective work:

> We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

*Williams*, 552 F.3d at 939-40.

***Fourth and finally***, Defendant suggests that "consumer[s] [who] want[]  to know more about the cereal's flavoring … can view the ingredient list, which will inform [them] the cereal is naturally flavored." Def. Br. at 15. But that argument is foreclosed by *Williams*, as just discussed.

#### d.    The Cases Defendant Cites Are Inapposite.

Defendant contends that "dozens" of courts have dismissed this "type" of case over the "last several years." Def. Br. at 1. But close inspection of Defendant's mountain of precedent reveals, at best, a molehill.

To start with, nearly all the cases Defendant cite are from New York federal courts. Defendant's reliance on a single circuit's cases should be the canary in the coalmine, alerting this Court that something is amiss. And indeed, the Second Circuit—unlike the Ninth—considers the totality of a product's packaging, not just the information presented on the principal display panel. For example, consider *Cruz v. D.F. Stauffer Biscuit Co.*, a case Defendant calls "instructive" (Def. Br. at 14):

> Plaintiffs argue that the nutritional label is insufficient to cure the front label claim due to its smaller font and non-concise disclosure. ... However, because courts consider the packaging as a whole, "the presence of a disclaimer or similar clarifying language may defeat a claim of deception" in certain circumstances.

No. 20CV2402PGGJLC, 2021 WL 5119395, at *6 (S.D.N.Y. Nov. 4, 2021), report and recommendation adopted, No. 20CIV2402PGGJLC, 2022 WL 4592616 (S.D.N.Y. Sept. 29, 2022 (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). Under *Williams*, 552 F.3d at 939-40, it would be reversible error for a court to consider information in the nutritional label. Defendant's invocation of *Cruz* (as well as other New York cases) carries little weight in this District.

Even if the Court were to consider Second Circuit cases, they are unhelpful to Defendant. First, Defendant spills much ink discussing *Steele v. Wegmans Food Markets, Inc*., 472 F.Supp.3d 47 (S.D.N.Y. 2020). But the product at issue there was "VANILLA ICE CREAM Made with Milk, Creak and *Natural Vanilla Flavor*." *Id*. at 49 (emphasis added). Contrary to the label in *Steele*, Defendant's Products do not have "flavored" on their principal display panels—as a matter of language, "Chocolate Banana" cereal, for example, is not the same as "Chocolate Banana Flavored" cereal. Moreover, the Plaintiffs in *Steele* conceded that the product did contain some vanilla. *Id*. at 50. Here, by contrast, Plaintiff alleges that Catalina Crunch "do[es] not contain the promised ingredients." Compl. at ¶ 3. *Steele* does not support Defendant's argument.

*Cosgrove v. Blue Diamond Growers*, No. 10 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020), is likewise distinguishable and unhelpful to Defendant. There, the plaintiffs complained that a vanilla almond milk product was "not *flavored* by 'authentic' vanilla." *Cosgrove v. Blue Diamond Growers*, No. 19 CIV. 8993 (VM), 2020 WL 7211218, at *1 (S.D.N.Y. Dec. 7, 2020) (emphasis added). In other words, the *Cosgrove* plaintiffs understood that they were buying a vanilla flavored product. The present matter, however, arises because Plaintiff believed that premium ingredients were present in Defendant's Products. As already discussed, Defendant is simply wrong in its claim that this is a "'flavor'" case[.]" Def. Br. at 1.

Tellingly, the most analogous Second Circuit case to the present matter is one Defendant does not discuss at all. In *Budhani v. Monster Energy Co*., 527 F. Supp. 3d 667, 679 (S.D.N.Y. 2021), the court found that a reasonable consumer could believe the defendant's "vanilla cream" espresso drinks

"contain[ed] some non-negligible amount of extract derived from a vanilla bean." It reached that conclusion because:

> [U]nlike in the vanilla cases cited above where courts have dismissed claims on the pleadings, Defendant does not use the mere unadorned word "vanilla" without any accompanying language or message. Rather, it uses the image of a vanilla flower. The flower is conveyed prominently, next to the image of a coffee bean, and alongside the use of the word "vanilla."

*Id*. The same is true here. Defendant color-codes its product packaging to the absent characterizing ingredients, and (in all but the "Honey Graham" variety) uses photorealistic vignettes to convey a message to consumers: these are not mere flavors, but rather ingredients contained in the cereals.

### D.    Defendant's Preemption Arguments Fail.

#### 1.    Federal Law Does Not Impliedly Preempt Plaintiff's UCL "Unlawful" Claim.

Defendant argues that Plaintiff attempts to enforce the FDCA through her UCL claim, which is impliedly preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001). Def. Br. at 17). As explained below, Defendant is incorrect.

In *Buckman*, the plaintiffs' brought a state tort claim against a medical device manufacturer that made fraudulent representations to the FDA. *Id*. at 343-45. The Court held that the plaintiffs' state-law "fraud-on-the-FDA" claim conflicted with federal law because the FDA is empowered with the ability to punish and deter fraud perpetrated against it. *Id*. at 348. The Court determined that the plaintiffs' claims were entirely based on the FDCA requirements and allowing the claims to proceed would "exert an extraneous pull on the scheme established by Congress." *Id*. at 352-53. Thus, the Court held the claims were based entirely on the FDCA and were therefore impliedly preempted by federal law. *Id*. at 348, 352-53. Thus, *Buckman* stands for the proposition that private claims that seek to enforce the FDCA are impliedly preempted. *Id*. 348, 352-53. "The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted []), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman* )." *Perez v. Nidek Co.*, 711 F.3d 1109, 1120 (9th Cir. 2013).

The FDCA preemption provision preserves parallel state law claims, and the Sherman Law adopts the FDCA in whole, thus, claims based upon the Sherman Law avoid preemption. *Vassigh v. Bai Brands*

1   *LLC*, No. 14-CV-05127-HSG, 2015 WL 4238886, at *5 (N.D. Cal. July 13, 2015) ("The Sherman Law

2   expressly adopts the requirements of the FDCA as obligations under California law, *see* Cal. Health &

3   Safety Code § 110670, and California law further provides a mechanism for private parties to enforce

4   those obligations through the 'unlawful' prong of the UCL[.]"). As explained by Judge Orrick in *Brown*

5   *v. Van's Int'l Foods, Inc.*, the proposition that *Buckman* applied to implied preemption claims under the

6   UCL's unlawful prong failed because:

> [W]hen Congress passed the FDCA and its subsequent amendments creating national
> uniform nutrition labeling, it expressly preempted state law that was inconsistent with its
> requirements. But Congress did not attempt to completely preempt state laws regarding
> the marketing of food products. It specifically anticipated states enacting their own
> identical laws. State laws are only preempted if they are not equal to, or substantially
> identical to, requirements imposed by or under the [FDCA]. California complied with this
> requirement in passing the Sherman Law, which expressly adopts the federal labeling
> requirement.

11  2022 WL 1471454, at *7 (citations and quotation marks omitted). The court noted that the plaintiff was

12  not seeking to enforce the FDCA, but rather, relied on the FDCA and FDA regulations only to the extent

13  that those laws were enacted under state laws like the Sherman Law, UCL, FAL, and CLRA. *Id.* *7. Other

14  courts in this District agree. *See Brown v. Food for Life Baking Co., Inc.*, No. 21-CV-10054-TLT, 2023

15  WL 2637407 (N.D. Cal. Feb. 28, 2023) (finding that the plaintiff's claims were not impliedly preempted

16  because the Sherman Law mirrors the FDCA and because plaintiffs disclaimed brining any claim under

17  the FDCA.); *Roffman v. Rebbl, Inc.*, No. 22-CV-05290-JSW, 2023 WL 1420724, at *5 (N.D. Cal. Jan.

18  31, 2023) (concluding that the plaintiff's claims were not impliedly preempted because "she disclaims

19  causes of action under the FDCA and regulations promulgated by the FDA and relies on them only to the

20  extent such laws and regulations have been separately enacted as state law or regulation or provide a

21  predicate basis of liability for her enumerated claims for relief" and because her claim paralleled federal

22  requirements) (internal quotation marks omitted); *Pino v. Birch Benders*, LLC, No. 22-CV-02194-TSH,

23  2022 WL 4913320, at *4 (N.D. Cal. Oct. 3, 2022) (finding that the plaintiff's claims were not barred by

24  implied preemption because the plaintiffs relied "on the FDCA and FDA regulations only to the extent

25  such laws and regulations have been separately enacted as state law or regulation or provide a predicate

26  basis of liability under the state and common laws.").

27

28

Here, Plaintiff's claims do not seek to impose any labeling requirement different from those under federal law. The Sherman Law adopts the FDCA and its regulations, which require Defendant's Products to disclose that they are flavored. Defendant's failure to do so was unlawful and violated the Sherman Law. Thus, Plaintiff's UCL claim is not preempted under *Buckman*.

### 2. The Court of Appeals' *Nexus* Decision Is Inapplicable To Consumer Protection Claims.

Defendant argues that *Nexus Pharmaceuticals Inc., v. Central Admixture Pharmacy Services, Inc*., 48 F.4th 1040 (9th Cir. 2022) overruled the majority approach to implied preemption discussed above, and mandated the outlier view advanced by Judge Seeborg in *Chong v. Kind LLC*, 585 F.Supp.3d 1215 (N.D. Cal. 2022). But *Nexus* did no such thing.

*Chong* held that, to avoid preemption, a traditional state tort law had to predate the FDCA. *Chong*, 585 F.Supp.3d at 1219. And as the Sherman Law post-dated the FDCA, it was *a fortiori* preempted. 585 F. Supp. 3d at 1219. But as Judge Orrick has explained:

> Neither *Buckman* nor *Stengel* held that state statutory claims must predate the FDCA to avoid preemption; *Chong* cites language from the *Stengel* concurrence to find otherwise. *Stengel* actually held that the FDCA does not preempt a state-law claim for violating a state-law duty that parallels a federal-law duty under the [FDCA].

*Brown*, 2022 WL 1471454, at *8 (citation and quotation marks omitted). Thus, *Chong* is inapplicable to claims of implied preemption. Indeed, in *Effinger v. Ancient Organics*, LLC, No. 22-cv-03596-RS, 2023 WL 2214168, at *3, Judge Seeborg acknowledges his departure from other courts in this District on the issue of preemption.

In *Nexus*, the Ninth Circuit addressed preemption in the context of pharmaceutical compounding. The plaintiff trademarked and obtained FDA approval for a drug. 48 F.4th at 1042. The defendant operated compounding pharmacies that compounded its own version of that drug without FDA approval. *Id*. The plaintiff sued, alleging that the defendant's drug was "essentially a copy" of its own and that it was harmed economically based on the defendant's violation of the FDCA. *Id*. at 1043, 1049. The Ninth Circuit held that the plaintiff's claims required proof that the defendant's drug lacked FDA approval and violated a provision of the FDCA "essentially a copy" provision. *Id*. at 1048-49. In this instance, implied preemption applied because the plaintiff's claims rested on its interpretation of the "essentially a copy" provision—"a task reserved for the FDA." *Id*. at 1050-51.

*Nexus* applies *Buckman* and does not discuss *Chong*. Moreover, there is no indication that it applies to the consumer protection statutes at issue here. Consequently, its rationales do not apply to the claims alleged by Plaintiff. Indeed, Plaintiff's claims do not seek to enforce the FDCA. Rather, Plaintiff relies on the FDCA and FDA regulations only to the extent that the laws were enacted or incorporated into the Sherman Law. *See* Compl. at ¶ 68.  Thus, Plaintiff's claims are not preempted under *Nexus*.

### 3.    Plaintiff's Claims Are Not Expressly Preempted.

Finally, Defendant baldly asserts that its conduct somehow complied with 21 C.F.R. § 101.22, and that Plaintiff's state law claims are thus preempted. Defendant is correct that insofar as state law claims are expressly preempted if they are not identical to the FDCA. 21 U.S.C. § 343-1(a); *Brown*, No. 2023 WL 2637407, at *3 ("State claims that are not identical to the Food, Drug, and Cosmetic Act ("FDCA") are expressly preempted. 21 U.S.C. § 343-1(a)."). However, Defendant has failed to show that its packaging complies with the FDCA. And as discussed above, Defendant cannot show compliance with the FDCA because the word "flavored" is lacking on the Products packaging.

The fundamental problem with Defendant's argument is it asks the wrong question. Defendant frames the inquiry as whether consumers "commonly expect rectangular squares of keto-friendly, zero sugar, cold cereal to contain the food ingredient banana, apple, mint or honey." Def. Br. at 19. But as the court explained in *Schwartz*:

> [While] plain shortcake may not commonly be expected to contain strawberries or any other fruit ingredient, strawberry shortcake is expected to contain strawberries. … Likewise, while bottled water may not commonly be expected to contain fruit, bottled water labeled "Antioxidant Cocofusion Andes Coconut Lime" could be expected to contain coconut and lime.

2020 WL 5875019, at *4 (emphasis original). Here too, a cereal labeled "Chocolate Banana" could be expected to contain banana. The same applies for apple or apple cider in "Apple Cider Donut", mint for "Mint Chocolate", and honey for "Honey Graham." A reasonable consumer expects that the product contains banana, apple or apple cider, mint and honey, respectively.

Plaintiff plausibly alleged that the name of Defendant's Products (as well as the vignettes and the packaging color scheme) leads reasonable consumers to believe that banana, apple or apple cider, honey and actual ingredients in the Products, as opposed to mere flavor notes. Defendant's failure to label these cereals as flavored violated FDCA requirements. Thus, Plaintiff's claims are not expressly preempted.

*Marino*, 2022 WL 16912389, at *1 (declining to find express preemption where the plaintiff plausibly alleged facts to support that the food labels did not comply with FDA requirements because the food label did not say "flavored").

**E.    Plaintiff Adequately Pled A Claim of Breach Of Implied Warranty Of Merchantability.**

**1.    Plaintiff's Implied Warranty Claim Survives For The Same Reasons As Her UCL, FAL, And CLRA Claims.**

Defendant argues that Plaintiff's breach of implied warranty claim fails because she failed to plausibly allege a misrepresentation. Def. Br. 16. Defendant is wrong. The implied warranty of merchantability requires goods to "[c]onform to the promises or affirmations of fact made on the container or label." Cal. Com. Code § 2314(2)(f). Plaintiff plausibly alleged that Defendant's Products are misleadingly labeled. *See* discussion supra IV. Argument.C.2; Comp. Compl. at ¶¶ 86-88.  Accordingly, Plaintiff's implied warranty claim survives.

**2.    Privity Is Not Required.**

Defendant wrongly claims privity is required for Plaintiff to sustain a claim for breach of implied warranty. Def. Br. 19-20. Plaintiff is not required to be in vertical privity with Defendant because California law recognizes a foodstuffs exception to the privity requirement. *See Mexicali Rose v. Super. Ct.*, 1 Cal. 4th 617, 621 (1992) ("foodstuffs do not fall within the general rule of privity between the manufacturer and the consumer, even though the purchase is made through a retailer") (citation omitted). Therefore, "privity of contract is not required when an implied warranty claim relates to substances intended for human consumption." *Cabrera v. Bayer Healthcare, LLC*, No. LACV1708525JAKJPRX, 2019 WL 1146828, at *10 (C.D. Cal. Mar. 6, 2019); *Ashton v. J.M. Smucker Co.*, No. EDCV20992JGBSHKX, 2020 WL 8575140, at *12 (C.D. Cal. Dec. 16, 2020) ("As the consumers who purchased the [ground coffee] products, Plaintiffs need not show vertical privity with Defendants, as they are the intended beneficiaries of the warranties.").

Here, the Products are cereals meant for human consumption. Hence, Plaintiff's claims are squarely exempt from the privity requirement.

Defendant muddies the waters by arguing that the foodstuffs exception does not apply because Plaintiff does not allege that the Products are unfit for human consumption. Def. Br. 20. Defendant rests

its argument on *Burr v. Sherwin Williams Co*., 42 Cal.2d 682 (1954). But in *Burr*, the California Supreme Court stated that "an exception to the requirement of privity has been made in cases involving foodstuffs, where it is held that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer regardless of privity of contract." *Id*. at 695. Thus, the foodstuffs exception requires that a product just be meant or intended for human consumption. *See Ashton*, 2020 WL 8575140, at *12 (stating that "because the Products are foodstuffs meant for human consumption, Plaintiffs are further exempt from the privity requirement" on a breach of implied warranty claim); *Cabrera*, 2019 WL 1146828, at *11 (C.D. Cal. Mar. 6, 2019) ("Privity is not required when the claim relates to food or other substances intended for consumption by consumers.").

In Defendant's last attempt to show why Plaintiff's claim of breach of implied warranty cannot survive, it argues that a consumer's reliance on labels and advertising applies to only express warranty claims. Def. Br. 20.  Again, Defendant advances an argument already rejected by this District.

In *Young v. Neurobrands*, LLC, No. C 18-05907 JSW, 2019 WL 13247942, at *6 (N.D. Cal. Feb. 19, 2019), the plaintiffs alleged that defendant's "label representations created implied warranties that the product was …an exclusively naturally-flavored beverage product containing no artificial flavors." The defendant argued that that the breach of implied warranty required the plaintiffs to establish that the product was not reasonably fit for human consumption. *Id*. The court determined that defendant's argument was based "upon the implied warranty of merchantability, not the actual claim pled by [the p]laintiffs based upon the implied warranty that a product is suitable for a particular purpose." *Id*.

Other courts have also determined that the implied warrant of merchantability is breached when products fail to conform to the promises or affirmations contained on packaging or label. *Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 4th 181, 189, 6 Cal. Rptr. 3d 494, 500 (2003) ("the implied warranty of merchantability, which arises by operation of law, is breached when the goods do not conform to the promises or affirmations contained on the container or label or are not fit for the ordinary purposes for which the goods are used."); *Quiroz v. Sabatino Truffles New York, LLC*, No. SACV170783DOCKES, 2017 WL 8223648, at *11 (C.D. Cal. Sept. 18, 2017) (holding that a breach of implied warranty of merchantability claim was adequate where the plaintiffs alleged that the product did not conform to its

labels' promise or affirmation that it contained an ingredient, because testing revealed the oil in fact does not contain that ingredient).

Plaintiff has alleged that Defendant's Products do not conform to the promises or affirmation of fact advertised on the label. Defendant's product label representations created implied warranties that the product contained premium ingredients such as banana, apple or apple cider, mint, or honey as indicated on the product label. Compl. at ¶ 88. Defendant's Products fail to include any such ingredients, but rather, use "natural flavors." Accordingly, Defendant's Products fail to conform to the affirmations it makes on its labels. Plaintiff's claim of breach of implied warranty therefore survives.

## V.  LEAVE TO AMEND

In the event the Court grants any aspect of Defendant's Motion opposed by Plaintiff, leave to file a First Amended Complaint is respectfully requested.

Fed. R. Civ. P. 15(a)(2) states that a court should "freely give leave" to a party seeking to amend its pleading "when justice so requires."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). In compliance with this mandate, the "the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted." *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1081 (N.D. Cal. 2014).

A court may deny leave to amend where there is "undue delay, bad faith or dilatory motive [], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman*, 371 U.S. at 182. But none of those circumstances exist here, and thus, Plaintiff's request for leave to file a First Amended Complaint should be granted.

## VI.  CONCLUSION

For the foregoing reasons, Defendant's Motion warrants denial.


                                                    Respectfully submitted,


Date: April 4, 2023                    By: /s/ Benjamin Gubernick
                                       Benjamin Gubernick (SBN 321883)

**GUBERNICK LAW P.L.L.C.**
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served to the following via the CM/ECF system on April 4, 2023:

AMIN TALATI WASSERMAN, LLP
William P. Cole
Matthew R. Orr
Richard L. Hyde
515 South Flower St., 18th Floor
Los Angeles, CA 90071

Attorneys for Defendant

By: /s/ Benjamin Gubernick
Benjamin Gubernick

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS