1   AMIN TALATI WASSERMAN, LLP
    William P. Cole, Bar No. 186772
2   Matthew R. Orr, Bar No. 211097
3   Richard L. Hyde, Bar No. 286023
    515 South Flower St., 18th Floor
4   Los Angeles, CA  90071
    Tel:     (213) 933-2330
5   Fax:     (312) 884-7352
6   william@amintalati.com
    matt@amintalati.com
7   richard@amintalati.com

8   Attorneys for Defendant Catalina Snacks Inc.,

9

10              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
11

12   KAREN COLLYER, individual,          Case No.:  4:23-cv-00296-HSG

13              Plaintiff,          DEFENDANT CATALINA SNACKS INC.'S
14                                  REPLY IN SUPPORT OF MOTION TO
     v.                             DISMISS PLAINTIFF'S COMPLAINT
15
16   CATALINA SNACKS INC.,          Date: June 29, 2023
                                    Time: 2:00 p.m.
17              Defendant.          Place: Courtroom 2
18                                  Hon. Haywood S. Gilliam, Jr.
19

20

21

22

23

24

25

26

27

28

1

## I.    INTRODUCTION

2        The Opposition confirms Plaintiff has not pled any facts establishing her legal remedies

3  are inadequate. Her claim that she can "fix" this defect through amendment is a concession that

4  the Court should dismiss all her claims for equitable relief.

5        Plaintiff also cannot avoid that "Chocolate Banana" and "Honey Graham" are by no

6  means the same alleged misrepresentation as "Apple Cider Donut" or "Mint Chocolate." Even

7  under a "substantially similar" theory, she has no standing bring claims as to the unpurchased

8  products.

9        As for the reasonable consumer standard, this case does not involve fruit juice or

10 guacamole, as Plaintiff seems to wish; it involves a dry, keto-friendly, 0g SUGAR line of

11 breakfast cereals that come in a variety of flavors. Plaintiff fails to plead facts plausibly

12 establishing that consumers would expect that type of product to contain banana, apples, mint

13 leaves or honey, as opposed to natural flavors matching the label descriptions, particularly where

14 the packaging never states "made with" or "made from" bananas, apples, mint or honey and where

15 the ingredient list states "natural flavors."

16       As for Plaintiff's UCL "unlawful" claim, Plaintiff does not, and cannot, distinguish the

17 Ninth Circuit's binding decision in *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy*

18 *Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022), which, just like this case, involved a UCL "unlawful"

19 claim alleging that the defendant violated the Sherman Law by violating FDA regulations. *Nexus*

20 involved the same type of UCL "unlawful" claim that Plaintiff tries to pursue here. *Nexus* squarely

21 held the claim is impliedly preempted by federal law. *Nexus* abrogates the side of the district court

22 split that had found such claims were not implied preempted. As expressly stated by the Ninth

23 Circuit, "[t]he purported state law violation is of a law that says in substance 'comply with the

24 FDCA,' not a traditional common law tort" and "[t]he prohibition of private enforcement

25 applies squarely, as does 'implied preemption.'" *Id.* at 1050-51.

26       Finally, the "foodstuffs" exception applies only to claims for breach of the implied

27 warranty of *fitness* for human consumption. The mere fact the product is intended for human

28

1

consumption is not enough.

The Court should grant Defendant's motion to dismiss in its entirety.

## II.    ARGUMENT

### A.    Plaintiff Does Not Have Article III Standing to Assert Claims Regarding the "Apple Cider Donut" and "Mint Chocolate" Cereal Products.

For the reasons stated in Defendant's Motion, the "substantially similar" theory of standing is inconsistent with Article III. But even under that theory, Plaintiff lacks standing to bring claims as to the products she never purchased (i.e., "Apple Cider Donut" or "Mint Chocolate").

Plaintiff admits that courts using the "substantially similar" theory of standing require that the purchased and unpurchased products "bear[] the same alleged mislabeling." (Dkt. 20, p. 4, quoting *Wilson v. Frito-Lay North America, Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013.) It is undisputed the unpurchased products do *not* bear the same alleged mislabeling as the purchased products. "Apple Cider Donut" is not remotely the same as "Chocolate Banana." "Mint Chocolate" is not remotely the same as "Honey Graham."

Plaintiff cites *Ruiz v. Celsius Holdings, Inc.*, No. 3:21-cv-00128-GPC, 2021 WL 5811264, at *4 (S.D. Cal. July 28, 2021), but in that case the defendant did not even raise or brief the issue of standing as to unpurchased products and the court's sua sponte consideration of the issue includes almost no analysis.

Unlike a case where different varieties in a product line all include the *same* challenged representation, such as "organic" or "all natural," and the named plaintiff can testify as to how *that* representation allegedly impacted her, Plaintiff here cannot testify as to what she believed "Apple Cider Donut" or "Mint Chocolate" to imply because she never purchased those products. In short, Plaintiff cannot "allege and show that [she] personally ha[s] been injured" by the "Apple Cider Donut" or "Mint Chocolate" statements as opposed to "other, unidentified members of the class" that she purports to represent. *Lewis v. Casey*, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (internal quotations and citation omitted). She fails to allege facts establishing

2

standing to bring any claims as to the "Apple Cider Donut" and "Mint Chocolate" products.

**B.      Plaintiff Fails to State Any Equitable Claims Because She Fails to Plead Facts Establishing Her Legal Remedies are Inadequate.**

Plaintiff effectively concedes she has failed to plead any facts establishing her legal remedies are inadequate and, therefore, that her equitable claims must be dismissed.

First, Plaintiff admits that *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020), requires her to plead facts establishing her legal remedies are inadequate. In fact, *Sonner* could hardly have been more explicit. *Id.* at 844 (9th Cir. 2020)("[T]he operative complaint does not allege that Sonner lacks an adequate legal remedy."). *Sonner* was following Supreme Court precedent. *See, e.g., O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)(complaint seeking equitable relief failed because it did not allege "the inadequacy of remedies at law").

Second, while Plaintiff asserts that equitable claims can be pled in the "alternative," that point is inapposite: because she has failed to plead any valid claims for equitable relief in the first place, it is irrelevant whether such claims could be pled in the alternative. *See, e.g., Martinez v. Ford Motor Company*, No. 22-cv-1082-MMA (BGS), 2022 WL 14118926, at *8 (S.D. Cal. Oct. 24, 2022) ("[A] party seeking equitable relief must specifically plead the inadequacy of monetary damages in federal court."); *In re California Gasoline Spot Market Antitrust Litigation*, No. 20-cv-03131-JSC, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021); *In re: Macbook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020) ("[t]he question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all"); *accord Nacarino v. KSF Acquisition Corp.*, --- F. Supp. 3d ---, 2022 WL 17178688, at *5 (N.D. Cal. Nov. 30, 2022).

Third, Plaintiff oddly suggests that Defendant is urging a "heightened pleading standard" for equitable claims. (Dkt. 20, p. 7.) That is false. Defendant is simply urging Rule 8's plausibility standard, which obviously applies to the pleading of claims for equitable relief just as it does

every other aspect of federal pleading. Rule 8 requires well-pled facts—not conclusions—plausibly establishing each claim. Plaintiff's Complaint does not even plead the conclusion of inadequate legal remedies, let alone any facts plausibly establishing inadequacy. Plaintiff states she can fix this with a "simple complaint amendment." (Dkt. 20, p. 7.) Defendant doubts that. But, for present purposes, it is clear the operative Complaint does not state any claims for equitable relief.

Finally, without development, Plaintiff argues that to the extent her UCL "unlawful" prong claim is based on an alleged violation of an FDA regulation (via the Sherman Law), it is a "distinct" legal theory for which she does not need to plead inadequacy of legal remedies. This is incorrect. She still must plead facts establishing why the legal remedies are supposedly inadequate. Regardless of whether a UCL "unlawful" claim can be based solely on the alleged violation of a technical FDA regulation (it cannot, as addressed in Section II.D, below), Plaintiff's theory of equitable *restitution* for such an alleged violation is still predicated on deception—i.e., the theory that had she been adequately informed, she would not have purchased the Products or only paid less. The Complaint does not include any allegations articulating how a technical violation of an FDA labeling regulation could have caused any financial injury to Plaintiff *unless she was misled regarding the Product's ingredients.* And, as noted, she does not seek injunctive relief. Put simply, her "legal and equitable claims are all rooted in the same allegations that [the cereal labeling] was false and misleading to consumers." *Hanscom v. Reynolds Consumer Products LLC*, No. 21-cv-03434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (rejecting argument that legal remedies were not adequate vis-à-vis a UCL "unlawful"-prong claim).

Therefore, the Court should dismiss the UCL and FAL claims in their entirety, along with any other claims for equitable relief under the CLRA or otherwise.

/ / /

/ / /

DEFENDANT CATALINA SNACKS, INC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

C.    **The Complaint States No Claim Because Plaintiff Does Not Plausibly Allege Reasonable Consumers Would Be Deceived.[1]**

Plaintiff argues that reasonable consumers would believe the "Chocolate Banana," "Apple Cider Donut" and "Mint Chocolate" cereals contain banana, apples and mint (respectively) because the packages include images of banana slices, apple and a mint leaf (respectively). The contention insults reasonable consumers. Immediately adjacent to those images are the words "SERVING SUGGESTION." (Dkt. 1, ¶¶ 31, 33, 34, 35; Dkt. 16-1, Exs. 1 and 2.) Plaintiff fails to allege facts plausibly suggesting that, because of those serving suggestions (exceedingly common on cereal boxes), *reasonable* consumers would believe that the cereal packages *contain* sliced banana, or an apple, or a mint leaf. They would not. As for the "Honey Graham" flavor, the packaging does not contain any picture of honey.[2]

Plaintiff drops a footnote stating she does not claim to have believed the cereals contained whole banana, apple, mint or honey (whether ground, mashed or otherwise). But she never alleges *what*, then, she supposedly believed the cereals contained. If the cereals contained the oils, extracts or other natural flavoring *components* of banana, apple, mint or honey, then those would be natural *flavorings*. And Plaintiff does not allege the cereals did not contain such natural flavorings. There is no deception.

Plaintiff cites several cases involving products labeled as fruit juice or fruit beverages but those cases are distinguishable. This case involves a high-protein keto-friendly *breakfast cereal* that simply comes in different *flavors* and which bears a prominent front-label statement that the

---

[1] Plaintiff begins her discussion of the "reasonable consumer" standard by arguing the standard does not apply to her UCL "unlawful"-prong claim predicated on alleged violation of FDA regulations (via the Sherman Law). (Dkt. 20, p. 8:4-11.) Defendant already acknowledged that point in its moving papers. (Dkt. 16, p. 11 n.1.) Regardless, however, that "unlawful" claim is impliedly preempted under the Ninth Circuit's directly on point decision in *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022), as explained in Section II.D, *infra*.

[2] Notably, the Honey Graham flavored cereal also contains images of raspberries and coconut.

DEFENDANT CATALINA SNACKS, INC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

cereal contains "0g SUGAR." This case is like the vanilla cases, not fruit juice cases. Reasonable consumers understand that cold cereal—like ice cream—comes in a variety of *flavors*. Furthermore, Plaintiff never explains how or why reasonable consumers would believe a 0g SUGAR cereal contains honey, banana or apple as an *ingredient* rather than a flavor. Plaintiff simply speculates that consumers *might* reach that nonsensical conclusion. But something that is merely possible does not meet the plausibility threshold. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(factual allegations must push entitlement to relief across the line from possible to plausible); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) (deception must be probable, not just possible).

Plaintiff relies on *Saidian v. Krispy Kreme Doughnut Corp.*, No. 2:16-cv-08338-SVW, 2017 WL 945083 (C.D. Cal. Feb. 27, 2017), but the case is readily distinguishable. In *Saidian*, the products at issue were doughnuts sold in cases at the defendant's stores with names such as "Chocolate Iced Raspberry Filled doughnut" and "Glazed Blueberry Cake." *Id.* at *1. No other information was available for consumers purchasing the doughnuts, as they did not have ingredient labels. *Id.* The "Blueberry" doughnuts contained imitation blueberries that were the same shape and color as real blueberries. Here, by contrast, the dry cereal itself does not look like, and the package does not state that, they are "banana filled" or "apple filled," the front label prominently states "0g SUGAR," and the packaging includes an ingredient list disclosing "natural flavors."

Plaintiff's reliance on *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM, 2011 WL 1362186 (C.D. Cal. Apr. 11, 2011), also is misplaced. In *Henderson*, the defendant prominently labeled its product as "GUACAMOLE" when it was not actually made from avocado and contained less than 2% avocado powder. The product was also a green-colored dip, as one would expect guacamole made from avocados to appear. Here, by contrast, Defendant is not marketing "banana" or "honey" but rather a dry keto-friendly breakfast cereal. While reasonable consumers obviously understand guacamole to be mashed avocado, Plaintiff alleges no facts establishing (as opposed to merely concluding) that reasonable consumers understand a dry, zero sugar, keto-

friendly breakfast cereal to be mashed bananas or apples.

Finally, Plaintiff misreads *Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008). Plaintiff claims that *Williams* categorically bars courts from considering ingredient lists on the back side of a product's label. To the contrary, courts consider "the promotion as a whole." *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995). *Williams* "merely bars a defendant from correcting an *affirmative misrepresentation* on the front packaging through a back of the box ingredient list." *Varela v. Walmart, Inc.*, No. CV 20-4448-GW-KSx, 2021 WL 8565989, at *8 (C.D. Cal. Mar. 23, 2021) (quotation omitted, emphasis added). There is no affirmative misrepresentation on the front label of the Products here, as there is no dispute the cereal products in fact taste like chocolate banana, mint chocolate, honey graham, etc., and the front label never states "made with" or "made from" banana, apple, mint or honey. Even assuming arguendo that Plaintiff or some other consumer may read an "ambiguity" into the front label, any such ambiguity "is dispelled by the promotion as a whole," as the ingredient does not include banana, apple, mint or honey but rather "NATURAL FLAVORS." *Freeman*, 68 F.3d at 290.

Plaintiff fails to plead factual content plausibly establishing that a significant portion of reasonable consumers would be deceived. Therefore, Plaintiffs states no CLRA, FAL or implied warranty claim, and he also states any deception-based UCL claim.

**D.     *Nexus Pharmaceuticals* is Directly on Point and Makes Clear Plaintiff's UCL "Unlawful" Claim is Implied Preempted to the Extent Based on Alleged Violation of FDA Regulations.**

*Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022), is a published Ninth Circuit opinion. It is binding, unlike the district court opinions cited by Plaintiff. Caught cold by *Nexus*'s reasoning, Plaintiff weakly asserts "there is no indication that it applies to the consumer protection statutes at issue here." (Dkt. 20, p. 16.)

In fact, there is *every* indication it does. First, the plaintiff in *Nexus* was suing under the same statute as Plaintiff here: California's Unfair Competition Law. *See Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, No. SACV 20-01506-CJC, 2020 WL

6867069, at *1 (C.D. Cal. Nov. 18, 2020). In *Nexus*, both the district court and the Ninth Circuit held the UCL claim was impliedly preempted. Second, the Ninth Circuit's reasoning *squarely* applies to a UCL claim predicated on an alleged violation of California's Sherman Law. The Ninth Circuit stated the plaintiff's claims were impliedly preempted because they were "based on state laws that incorporate federal law, rather than on traditional tort law." *Nexus,* 48 F.4th at 1048. "The purported state law violation is of a law that says in substance 'comply with the FDCA,' not a traditional common law tort." *Id.* at 1050. Therefore, "[t]he prohibition of private enforcement applies squarely, as does 'implied preemption.'" *Id.* at 1050-51. There is no way to distinguish *Nexus*. It is directly on point.

Defendant is entitled to the application of binding Ninth Circuit law. The Court must dismiss Plaintiff's UCL claim to extent it is based on an alleged violation of the Sherman Law's incorporation of FDA regulations.[3]

### E.    The Breach of Implied Warranty Claim Also Fails for Lack of Privity.

When reviewing issues of state law, federal courts are bound to follow the decisions of the state's highest court in interpreting that state's laws. *Ogden Martin Systems, Inc. v. San Bernardino County, Cal.,* 932 F.2d 1284, 1288 (9th Cir. 1991). California's Supreme Court has held not only that implied warranty claims require privity of contract but that the "foodstuffs" exception to privity applies to claims for breach of the implied warranty of *fitness for human consumption. Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (1954) ("In this state an exception to the requirement of privity has been made in cases involving foodstuffs, where it is held that an implied warranty of *fitness for human consumption* runs from the manufacturer to the ultimate consumer regardless of privity of contract.") (emphasis added). Plaintiff distorts *Burr* beyond

---

[3] For reasons unknown, Plaintiff's Opposition includes a section on express preemption. Defendant never argued express preemption. Instead, Defendant merely pointed out that Plaintiff had failed to plead facts plausibly establishing any violation of FDA regulations (and therefore failed to plead any violation of the Sherman Law or the UCL "unlawful" prong to the extent based on a purported Sherman Law violation). (Dkt. 16, p. 19.) As noted, however, the issue is ultimately moot because the claim is impliedly preempted under *Nexus*.

DEFENDANT CATALINA SNACKS, INC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  recognition by erasing "fitness" from its holding—that is, Plaintiff claims the exception to privity

2  applies any time the product is *intended* for human consumption, regardless of whether there is

3  any allegation it breached a warranty of *fitness* for human consumption. For that proposition,

4  Plaintiff cites only some non-binding district court opinions. As noted, however, this Court must

5  follow the California Supreme Court's statement of California law. *See Hammock v. Nutramarks,*

6  *Inc.*, No. 15cv2056 BTM (NLS), 2016 WL 4761784, at *6 (Sep. 12, 2016) (following *Burr* and

7  holding "[t]he Products were fit for human consumption, but did not perform as advertised.

8  Therefore, the policy behind California's exception should not apply in this case."). Plaintiff does

9  not allege Defendant's cereals are unfit for human consumption. Her implied warranty claim fails

10  for lack of privity.

11  **F.   The Court Should Dismiss Plaintiff's Claim for Punitive Damages.**

12  Plaintiff does not oppose dismissal of her claim for punitive damages. (*See* Dkt. 20, p. 1

13  n.1.)

14  **III.   CONCLUSION**

15  For the foregoing reasons, the Court should grant the Motion to Dismiss.

16

17  Dated:  April 11, 2023                    AMIN TALATI WASSERMAN, LLP
18                                            Matthew R. Orr
                                              William P. Cole
19

20                                            /s/ *William P. Cole*
21                                            William P. Cole

22                                            Attorneys for Defendant Catalina Snacks, Inc.

DEFENDANT CATALINA SNACKS, INC'S REPLY IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1

2

## CERTIFICATE OF SERVICE
(United States District Court)

3

4

        I hereby certify that on the 11th day of April, 2023, I caused the electronic filing of the

5

foregoing document, through the CM/ECF system. The aforementioned document will be sent

6

electronically to the registered participants as identified on the Notice of Electronic Filing and paper

7

copies will be sent to those indicated as non-registered participants.

8

9

                                                        /s/ *William P. Cole*
                                                        William P. Cole

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CATALINA SNACKS, INC'S REPLY IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT