GUBERNICK LAW P.L.L.C.
Benjamin Gubernick (SBN 321883)
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

Attorneys for Plaintiff Karen Collyer

AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:     (213) 933-2330
Fax:    (312) 884-7352
william@amintalati.com
matt@amintalati.com

Attorneys for Defendant Catalina Snacks Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN COLLYER, Plaintiff,<br><br>vs.<br><br>CATALINA SNACKS INC.,<br>Defendant. | Case Number: 4:23-cv-00296-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to this Court's January 31,

Page **1** of **9**

*Form updated January 17, 2023*

2023 Order, Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule16-9(a), and the Standing Order for All Judges of the Northern District of California.

1.     Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–15. No issues exist regarding personal jurisdiction or venue. All parties have been served.

2.     Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

<u>Plaintiff's Statement:</u>

This consumer class action alleges that Defendant's Catalina Crunch cereals mislead consumers into believing they contain premium ingredients they do not have. As a result of this deception, Plaintiff contains that California consumers overpay for the products. Plaintiff contends that Defendant accomplishes its trickery by identifying premium ingredients, such as bananas, by name, color, and vignette, on the principal display panel. The principal display panels of the challenged products fail inform consumers that the products merely simulate the presence of the premium ingredients using undesirable, scientist-concocted "natural flavor."

<u>Defendant's Statement:</u>

    Defendant denies Plaintiffs' allegations, and specifically denies that the labeling of the products at issue is false or misleading. Consumers do not expect that Defendant's keto-friendly, dry-cereal product would contain banana, apples, mint leaves or honey, as opposed to natural flavors matching the label descriptions, particularly where the packaging never states "made with" or "made from" bananas, apples, mint or honey and where the ingredient list states "natural flavors."

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The central disputed legal issues are: (1) whether the products' labeling misleads reasonable consumers; (2) whether consumers paid a premium for products as a result of the product labeling; (3) whether the case may proceed as a class; (4) whether Defendant's conduct violated California's Sherman Law, and by extension California's Unfair Competition Law; and (5) whether Plaintiff's unlawful claim under the UCL is pre-empted under *Nexus Pharmaceuticals, Inc. v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022).

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant filed a motion to dismiss on March 21, 2023 (Dkt. No. 16). Plaintiff filed an opposition to the motion on April 4, 2023 (Dkt. No. 20). Defendant filed a reply on April 11, 2023 (Dkt. No. 24). The hearing on the motion to dismiss is set for June 29, 2023.

Plaintiff intends to file a motion for class certification and, should discovery and the evidence support it, Defendant may file a motion for summary judgment or partial summary judgment.

Both parties reserve the right to file other motions as appropriate, including motions pertaining to discovery and trial-related motions (such as motions in limine).

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties suggest setting the deadline to amend pleadings at 120 days following the filing date of Defendant's Answer.

*Form updated January 17, 2023*

6.     Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

Plaintiffs' Statement:

Plaintiff is preserving evidence in its possession, custody or control.

Defendant's Statement:

Defendant is preserving evidence in its possession, custody or control.

7.     Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties will exchange initial disclosures no later than April 28, 2023.

8.     Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.

Plaintiff anticipates conducting written discovery and depositions related to class certification and the merits. Defendant intends to take Plaintiff's deposition. Defendant also may serve third-party subpoenas for documents or testimony.

*Form updated January 17, 2023*

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

<u>Plaintiff's Statement:</u>

Plaintiff contends this matter is properly certified as a class action under Fed. R. Civ. P. 23(b)(3). Plaintiff will seek to certify a class of all people in California who purchased the subject products within the applicable statute of limitations. Plaintiff asserts that the requirements for class certification are satisfied because:

a. Thousands of people purchased the products during the class period;

b. Plaintiff is a typical class member. Her claims will succeed or fail based on the same evidence as will the class on a whole;

c. Plaintiff's counsel are skilled in class action litigation and have the resources needed to prosecute this matter;

d. The predominate questions in this litigation can be decided, once, for all class members. For example, the principal display panels of Defendant's products are either objectively misleading or they are not. Likewise, individualized inquiries are not required to determine if Defendant complied with the Sherman Law.

e. It would not be feasible for class members (or the court system) to litigate claims individually. Accordingly, class certification is superior.

Given Defendant's pending motion to dismiss, it is unclear when discovery will commence. Plaintiff would request a deadline to move for class certification of, at the earliest, six months from the start of discovery.

<u>Defendant's Statement:</u>

Defendant disputes that this matter is suitable for class treatment. Plaintiff will not be able to satisfy Rule 23 requirements as to a California class.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The parties are unaware of any related cases.

*Form updated January 17, 2023*

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

<u>Plaintiff's Statement</u>:

Plaintiff seeks recovery of the products' purchase price or, at the least, the price premium paid by class members for the products. Exact damages are currently unknown, except that Defendant's website represents that it has sold at least 10 million bags of Catalina Crunch cereal.

<u>Defendant's Statement</u>:

Defendant denies that Plaintiff or the proposed class members are entitled to any relief whatsoever, let alone under a "full refund" theory.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties have discussed ADR options for this matter.

13. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this matter is suitable for binding arbitration or a JPML reference.

14. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

The Parties do not propose any methods to narrow the issues at this time.

*Form updated January 17, 2023*

15. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe this case is suitable for the Expedited Trial Procedure.

16. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties have proposed the schedule below for briefing on the anticipated motion for class certification. The Parties propose filing a joint stipulation and proposed order identifying the specific calendar dates reflected below within 5 days of the filing of Defendant's Answer. The Parties propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the Parties will be better able to assess the remaining discovery and experts needed.

| | |
|---|---|
| Deadline for Plaintiffs to file the motion for class certification and any expert report(s) in support thereof | Nine Months After Defendant Files An Answer to the Complaint |
| Deadline for Defendant to oppose the motion for class certification and produce any expert report(s) in support of its opposition | Two Months after Plaintiff Files Motion for Class Certification |
| Plaintiffs' reply in support of motion for class certification | One Month After Defendant Files its Opposition to Plaintiff's Motion for Class Certification |

17. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case will be tried before a jury on all issues that are jury eligible. The Parties estimate 4-5 day trial.

*Form updated January 17, 2023*

18. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff's Statement:

The undersigned counsel certifies that Plaintiff has no interested entities or conflicts to report.

Defendant's Statement:

The undersigned counsel certifies that other than Defendant, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. These representations are made to enable the Court to evaluate possible disqualification or recusal.

19. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None at this time.

*Form updated January 17, 2023*

Dated:                              /s/ Benjamin Gubernick
                                    Counsel for plaintiff

Dated:                              /s/ Matthew R. Orr
                                    Counsel for defendant

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated January 17, 2023*